Shannon CASEY, Plaintiff–Appellant,

v.

ALBERTSON'S INC., a Delaware corporation, Defendant–Appellee.

No. 02–57198.

United States Court of Appeals, Ninth Circuit.

Submitted March 4, 2004.[*]

Filed April 5, 2004.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Patricia J. Barry, esq., Los Angeles, CA, for the plaintiff/appellant.

**1256**

Kimberly M. Talley, esq., Los Angeles, CA, for the defendant/appellee.

Before SILVERMAN, GOULD, and BEA, Circuit Judges.

SILVERMAN, Circuit Judge:

We hold today that when the parties treat a fully dispositive summary judgment order as if it were a final judgment, the requirement in Federal Rule of Civil Procedure 58 that the judgment "be set forth on a separate document" can be waived. *Bankers Trust Co. v. Mallis,* 435 U.S. 381, 382, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978).

## I. Facts

Appellant Shannon Casey filed this lawsuit against Albertson's, her employer, alleging sexual harassment and discrimination based on marital status in violation of California's Fair Employment and Housing Act. She alleged that Pete King, the manager of the Albertson's where she worked, sexually harassed her and then transferred her to another store when she returned to work following her pregnancy. Casey alleges that her transfer to another store was illegal because there was another employee, Pepper Smith, who was less senior than Casey who should have been transferred instead. She claims that her transfer "was in response to Casey's rebuffing King's sexual advances and King learning that Casey had not divorced her husband as King wanted her to do and that she had become pregnant."

Casey failed to respond to Albertson's requests for admissions. As a result, under Federal Rule of Civil Procedure 36(a), she was deemed to have admitted that, among other things, (1) King did not discriminate against her on the basis of gender; (2) King did not discriminate against her on the basis of her marital status; (3) King did not discriminate against her on the basis of her pregnancy; and (4) King did not make the decision to transfer her. Casey's attorney also failed to attend a hearing on Albertson's motion for summary judgment.

The district court granted Albertson's summary judgment on all claims on August 28, 2001. Summary judgment was granted in the form of a civil minute order. Although the judge's seven page civil minute order disposed of all of Casey's claims and concluded with "IT IS SO ORDERED," no separate judgment was entered.

On August 28, 2002, exactly one year from the entry of summary judgment, Casey moved for relief from judgment under Federal Rule of Civil Procedure 60(b), arguing that the judgment should be set aside because of excusable neglect, new evidence, and fraud, misrepresentation, or misconduct. The gist of her motion was that by means of an inexpensive Internet investigation service, of which she had only recently become aware, Casey was able to locate Pepper Smith, who could confirm that Smith had less seniority than Casey but was not transferred to another store. The court noted that the one year filing limit for relief from judgment under Rule 60(b)(1), (2), & (3) "is an outer limit," and that "[p]laintiff delayed filing this motion until the last possible day." [1] The court also ruled that the delay in locating Pepper Smith was unjustified. On November 26, 2002, the court denied Casey's motion, ruling that Casey had not demonstrated

---

1. The court also observed that Casey had never submitted a statement of genuine issues along with her Rule 60 motion, despite her having cited the need for time to prepare this document as a reason for the delay in filing the motion.

excusable neglect, newly discovered evidence, or fraud, misrepresentation, or misconduct, pursuant to Rule 60(b)(1), (2), & (3), respectively. Casey filed her notice of appeal from that ruling on December 19, 2002.

At some point after the district court denied her Rule 60(b) motion and the notice of appeal had been filed, Casey noticed that the district court had failed to enter a final judgment on a document separate from its summary judgment ruling. On July 22, 2003, eight months after the district court denied her Rule 60(b) motion, Casey lodged with the district court a proposed form of judgment. On August 8, 2003, the district court entered a minute order acknowledging that "although summary judgment was granted in favor of Defendant Albertson's, Inc. on August 28, 2001, thereby terminating the case, a final judgment on a separate document was not entered." However, the court held that it no longer had jurisdiction over the case because a notice of appeal had been filed. It continued: "However, if either Plaintiff or Defendant Albertson's Inc. believes that a separate document is necessary ... and that this court does have jurisdiction to enter a judgment ..., either party may file a brief ... to that effect...." After briefing by both sides, the district court ruled that, pursuant to *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978), the litigants had waived strict compliance with the separate judgment requirement by proceeding as if a separate judgment had been entered.

## II. Jurisdiction and Standard of Review

■ We have jurisdiction pursuant to 28 U.S.C. § 1291. Motions for relief from judgment pursuant to Rule 60(b) are addressed to the sound discretion of the district court and will not be reversed absent an abuse of discretion. *SEC v. Coldicutt*, 258 F.3d 939, 941 (9th Cir.2001). A dis-

trict court abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact. *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000).

## III. Discussion

■ Casey spends the bulk of her time on appeal rearguing the merits of the district court's grant of summary judgment. However, her notice of appeal expressly states she is appealing only the denial of her Rule 60(b) motion. Normally, the merits of a case are not before the panel in reviewing a Rule 60(b) motion. *See Wages v. I.R.S.*, 915 F.2d 1230, 1234 (9th Cir. 1990) ("an appeal from a denial of Rule 60(b) relief does not bring up the underlying judgment for review") (internal quotation marks omitted). There are thus two issues before the court: First, does the fact that the district court did not enter a judgment separate from its summary judgment minute order somehow allow the district court or this court to revisit the merits of the summary judgment ruling; and, second, did the district court abuse its discretion in denying Casey's Rule 60(b) motion?

### A. The Separate Judgment Rule

■ Federal Rule of Civil Procedure 58(a)(1) provides that "[e]very judgment ... must be set forth on a separate document." It further states that "unless the court orders otherwise, the clerk must, without awaiting the court's direction, promptly prepare, sign, and enter the judgment when ... the court denies all relief." Fed.R.Civ.P. 58(a)(2)(A)(iii); *but see* Fed. R.App. P. 4(a)(7)(B)("A failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58(a)(1) does not affect the validity of an appeal from that

judgment or order."). "Only when both" rules Rule 58 and Rule 79(a)—which tells the parties how the clerk must enter documents on the civil docket—"are satisfied is there an 'entry of judgment' " that tells the parties they may appeal. *Radio Television Espanola S.A. v. New World Entm't*, 183 F.3d 922, 930 (9th Cir.1999). "The separate document requirement . . . exists so that the parties will know exactly when the judgment has been entered and they must begin preparing post-verdict motions or an appeal." *Carter v. Beverly Hills Sav. & Loan Ass'n*, 884 F.2d 1186, 1194 (9th Cir.1989) (Kozinski, J., dissenting).

██ "Although a final judgment requires a 'separate document,' neither the Supreme Court nor this court views satisfaction of Rule 58 as a prerequisite to appeal." *Kirkland v. Legion Ins. Co.*, 343 F.3d 1135, 1140 (9th Cir.2003) (citation omitted); *see also United States v. Lummi Indian Tribe*, 235 F.3d 443, 448 (9th Cir. 2000). "A ruling is final for purposes of § 1291 if it (1) is a full adjudication of the issues, and (2) clearly evidences the judge's intention that it be the court's final act in the matter." *Nat'l Distrib. Agency v. Nationwide Mut. Ins. Co.*, 117 F.3d 432, 433 (9th Cir.1997) (citation and internal quotation marks omitted).

The Supreme Court's decision in *Bankers Trust*, while not on all fours with this case, leads us to the conclusion that the district court's failure to file a separate judgment does not affect any of the issues in this appeal. In *Bankers Trust*, "[t]he issue posed is whether a decision of a district court can be a 'final decision' for purposes of § 1291 if not set forth on a document separate from the opinion." 435 U.S. at 383, 98 S.Ct. 1117. There, the district court failed to enter a judgment as a separate document, but the district court's "opinion and order" contained the language "[c]omplaint dismissed in its entirety. So ORDERED." *Id.* at 382 & n.

1, 98 S.Ct. 1117. The Court concluded that "it could not have been intended that the separate document requirement of Rule 58 be such a categorical imperative that the parties are not free to waive it." *Id.* at 384, 98 S.Ct. 1117.

If, by error, a separate judgment is not filed before a party appeals, nothing but delay would flow from requiring the court of appeals to dismiss the appeal. Upon dismissal, the district court would simply file and enter the separate judgment, from which a timely appeal would then be taken. Wheels would spin for no practical purpose.

. . . The need for certainty as to the timeliness of the appeal [*i.e.*, the purpose of Rule 58] . . . should not prevent the parties from waiving the separate-judgment requirement where one has accidentally not been entered.

. . . Here, the District Court clearly evidenced its intent that the opinion and order from which an appeal is taken would represent the final decision in the case. A judgment of dismissal was recorded in the clerk's docket. And petitioner did not object to the taking of the appeal in the absence of a separate judgment. Under these circumstances, the parties should be deemed to have waived the separate document requirement of Rule 58, and the Court of Appeals properly assumed appellate jurisdiction under § 1291.

*Id.* at 385–86, 387–88, 98 S.Ct. 1117; *see also Kirkland*, 343 F.3d at 1139–40 (holding that a district court settlement order that effectively ended the litigation on the merits was a final, appealable order despite the absence of entry of a separate judgment, and a party that had attempted to enforce the agreement waived the right to question this issue); *Pac. Employers Ins. Co. v. Domino's Pizza, Inc.*, 144 F.3d 1270, 1278 (9th Cir.1998) ("under Rule 58,

a district court is not even required to file two separate documents"); *Beaudry Motor Co. v. Abko Props., Inc.*, 780 F.2d 751, 754–55 (9th Cir.1986) (holding that a civil minute order that is prepared at the direction of the district judge, noted in the docket, file stamped, and ended with the language "IT IS SO ORDERED" "clearly put plaintiff's counsel on notice that an order had been entered against his client" and satisfied Rule 58 despite the lack of entry of a formal, separate document).

■ Here, Casey unequivocally indicated her belief that the August 28, 2001 summary judgment minute order served as a judgment by filing a Rule 60(b) motion. In *Bankers Trust*, the filing of an appeal and the parties proceeding before an appellate court as if a separate judgment had been entered was indicative of acknowledgment by the parties that a final judgment had been entered. The same is true in this case. Casey filed a Rule 60 motion, indicating an unambiguous belief that a judgment had been entered. Judge Matz's order explicitly granted summary judgment for Albertson's on all the claims and indicated that the matter was concluded. Thus, as *Bankers Trust* can be said to stand for the proposition that a party's actions indicating its belief that a final judgment was entered can be sufficient to waive any Rule 58 objections, Casey exhibited such a belief by filing a Rule 60 motion and subsequently waived any Rule 58 objection to the district court's failure to file a separate judgment.

It is true that there are cases stating that "a mechanical application of Rule 58" is required. *See, e.g., Long v. Coast Resorts, Inc.*, 267 F.3d 918, 922 (9th Cir. 2001); *Radio Television*, 183 F.3d at 930. However, in those cases, Rule 58 is used to salvage the appealability of a case where it may have been unclear in the district court which document was the final judgment. *See Long*, 267 F.3d at 922(applying the

"mechanical" Rule 58 separate document requirement to salvage the validity of an appeal where it was not clear which district court entry was the final order for appeal purposes); *Radio Television*, 183 F.3d at 929–32; *Carter*, 884 F.2d at 1189–91; *Paddack v. Morris*, 783 F.2d 844, 846 (9th Cir.1986). We have found no cases that apply Rule 58 as Casey would urge, as a sword to reopen a case in which the parties and the judge all have indicated that they treat a district court entry as a final, separate judgment.

In these circumstances, the district court's failure to enter a separate judgment apart from its August 28, 2001 minute order does not create a loophole through which we can reach past Casey's Rule 60(b) motion to get to the merits of the district court's summary judgment ruling. However, the Rule 60(b) motion is properly before us, and we turn to it now.

## B. Rule 60(b) Motion

Casey advances two principal arguments for setting aside the judgment pursuant to Rule 60(b). First, she claims two forms of excusable neglect: lack of funds to locate Pepper Smith and lack of knowledge of an inexpensive on-line investigation service that she eventually used to find Smith, and various foul-ups by her various lawyers. Second, she argues that Albertson's committed fraud by failing to turn over Smith's employment history in response to discovery requests and by transferring Casey instead of Smith, who had less seniority. None of these contentions has merit.

### 1. Excusable Neglect

■ Rule 60(b)(1) provides that "[o]n motion … the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: … excusable neglect." Casey's first argument that her

Rule 60(b)(1) motion should be granted is that she was justifiably delayed in her efforts to locate Smith and obtain her declaration. This argument is unpersuasive. Casey does not explain why only one search service could locate Smith, nor why she was unable to "discover" this service until nearly a year after the entry of summary judgment. The district court ruled that Casey's failure to look for and find a key witness until *after* the lawsuit was over was not excusable neglect under Rule 60(b)(1). The district court did not abuse its discretion in so ruling. *Cf. United States v. Bransen,* 142 F.2d 232, 235 (9th Cir.1944). Further, Casey did not prove that finding this witness would have changed the outcome of the summary judgment hearing given the requests for admissions she failed to answer.

 Casey's second excusable neglect argument is that her first attorney committed malpractice; that her second attorney was inexperienced; and that her second and third attorneys did the best they could under the circumstances. As a general rule, parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1). *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 397, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (parties are "held responsible for the acts and omissions of their chosen counsel"); *Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn,* 139 F.3d 664, 666 (9th Cir.1997) ("attorney error is insufficient grounds for relief under ... Rule 60(b)(1)"). This is especially the case where a party has waited a year to complain about the failings of her lawyers. The time for Casey to have complained about her lawyers was when her third attorney came on, weeks prior to the summary judgment ruling, and not a year later in a motion for relief from judgment. The district court did not abuse its discretion in

ruling that Casey's attorneys' alleged inexperience and/or malpractice did not constitute excusable neglect under Rule 60(b)(1).

## 2. Fraud

 Rule 60(b)(3) provides that "[o]n motion ... the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons ... fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." "To prevail, the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *De Saracho v. Custom Food Machinery, Inc.,* 206 F.3d 874, 880 (9th Cir.2000). "Federal Rule of Civil Procedure 60(b)(3) require[s] that fraud ... not be discoverable by due diligence before or during the proceedings." *Pac. & Arctic Ry. and Navigation Co. v. United Transp. Union,* 952 F.2d 1144, 1148 (9th Cir.1991).

 Casey claims that Albertson's failure to respond to a request for production of Smith's employment records constitutes fraud. It is significant to note that this is not a case in which it is alleged that Albertson's possessed Smith's employment records but falsely denied having them, or the like. Casey simply argues that Albertson's failed to respond to a discovery request made two and a half weeks before the close of discovery. This is a run-of-the-mill discovery problem for which the rules provide remedies, had they been sought (as Casey herself learned the hard way when she failed to respond to Albertson's requests for admissions). Albertson's discovery recalcitrance does not constitute fraud. Moreover, Casey failed to

file a motion to compel production of Smith's employment records.

Plaintiff's only other argument that Albertson's committed fraud is that it was fraudulent for Albertson's to have transferred Casey instead of the less-senior Smith. However, this is a clear attempt to relitigate the issue central to the merits of this case and the district court's summary judgment motion. As the merits of a case are not before the court on a Rule 60(b) motion, this claim fails as well.

## IV. Conclusion

For the foregoing reasons, the district court's denial of Casey's Rule 60(b) motion is **AFFIRMED.**