**Iona DOUGLAS–MOGUEL,
Plaintiff—Appellant,**

v.

**ASML U.S., INC., a corporation
doing business in California,
Defendant—Appellee.**

**No. 04–55043.**

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

Submitted Feb. 7, 2005.*

Decided Feb. 10, 2005.

Frank Sanes, Jr., Esq., Los Angeles, CA, for Plaintiff–Appellant.

Robert E. Miles, Esq., Quarles & Brady Streich Lang, LLP, Phoenix, AZ, for Defendant–Appellee.

Before: FERNANDEZ, GRABER, and GOULD, Circuit Judges.

## MEMORANDUM **

Iona Douglas–Moguel appeals the district court's denial of her motion for reconsideration of its order granting her former employer ("ASML") summary judgment in her diversity action alleging employment discrimination and retaliation in violation of California's Fair Employment and Housing Act. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion, *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir.2004), and we affirm.

The district court did not abuse its discretion in denying Douglas–Moguel's motion to reconsider to the extent it was based on "new evidence" because she did not show that she could not have presented the evidence in opposition to the summary judgment motion. *See* Fed.R.Civ.P. 60(b)(2); *School Dist. No. 1J, Multnomah*

*Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993).

The district court did not abuse its discretion in denying Douglas–Moguel's motion to reconsider to the extent it was based on fraud because she did not explain how ASML obtained judgment through misrepresentation or other misconduct that would constitute fraud on the court. *See* Fed.R.Civ.P. 60(b)(3); *Casey*, 362 F.3d at 1260.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

