Kathleen R. IRWIN, an individual; et al., Plaintiffs—Appellees,

v.

Owen T. MASCOTT, an individual; et al., Defendants,

Robert Hyde, Non-party Contempt Defendant,

Murphy Pearson Bradley & Feeney, Mark E. Ellis, and June D. Coleman, Attorneys—Appellants.

No. 05–15026.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed July 27, 2006.

O. Randolph Bragg, Esq., Horwitz Horwitz & Associates, Ltd., Chicago, IL, Lor-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**456**

raine Ellen Baur, Esq., Ukiah, CA, Paul S. Arons, Esq., Law Offices of Paul S. Arons, Friday Harbor, WA, for Plaintiffs–Appellees.

June D. Coleman, Esq., Mark E. Ellis, Esq., Murphy Pearson Bradley & Feeney, Sacramento, CA, for Defendants.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

### MEMORANDUM ***

Murphy, Pearson, Bradley & Feeney, Mark E. Ellis, and June D. Feeney ("MPB & F"), attorneys for defendants, appeal from the district court's order denying their motion to withdraw as counsel of record. We have jurisdiction to review this post-judgment order pursuant to 28 U.S.C. § 1291. *See United States v. One 1986 Ford Pickup,* 56 F.3d 1181, 1184–85 (9th Cir.1995) (per curiam). We review for abuse of discretion, *LaGrand v. Stewart,* 133 F.3d 1253, 1269 (9th Cir.1998), and we affirm.

In 2000 plaintiffs prevailed in their class action under the Fair Debt Collection Practices Act. In 2002, the district court ordered that defendants were in contempt and liable for monetary sanctions. At that time and during the appeal of that order to this court, defendants did not raise the issue of a potential or actual conflict between their interests and the interests of Robert Hyde, a non-party also held in contempt for violating the injunction. *See, e.g., Irwin,* 370 F.3d at 930 ("There is no

assertion that Hyde's interests diverged from that of the named defendants."). MPB & F filed its motion to withdraw in November 2004, five months after this court affirmed the district court's order. The district court properly concluded that MPB & F's motion was untimely, coming several years after the alleged actual conflict of interest between its clients emerged. Further, the district court properly found that MPB & F's withdrawal would be likely to frustrate plaintiffs' ability to collect the contempt sanction affirmed by this court, and their expenses on appeal. *See id.* at 932. In addition, withdrawal would be likely to undermine the district court's inherent power to manage its cases. Considering the above we conclude that the magistrate judge correctly applied the law and did not clearly err in its findings of material fact. *See Casey v. Albertson's Inc.,* 362 F.3d 1254, 1257 (9th Cir.2004).

**AFFIRMED.**

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.