**Ellen T. TANNO, Plaintiff–Appellant,**

v.

**CHAI HOUSE, INC.; et al., Defendants–Appellees.**

**No. 05–15316.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 14, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ellen T. Tanno, San Jose, CA, for Plaintiff–Appellant.

Pahl & Gosselin, Ellen Y. Hung, Esq., San Jose, CA, Ellen Y. Hung, Esq., Law Office of Gary L. Hall, Thomas M. Gosselin, Esq., Gary L. Hall, Esq., Roseville, CA, Raymond R. Gates, Esq., Lauria Tokunaga Gates & Linn, LLP, Sacramento, CA, for Defendants–Appellees.

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Ellen T. Tanno appeals pro se from the district court's summary judgment dismissing her action brought pursuant to the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*, and its order denying her motion to set aside or vacate the judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's summary judgment de novo, *Palmer v. Pioneer Inn Assocs., Ltd.*, 338 F.3d 981, 984 (9th Cir.2003), and review for abuse of discretion the denial of the motion to vacate the judgment, *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Tanno's FHA claim that the defendants failed to reasonably accommodate her disability because she failed to establish a prima facie case of discrimination. *See Giebeler v. M & B Assocs.*, 343 F.3d 1143, 1147 (9th Cir.2003) (describing elements of FHA failure-to-accommodate claim); *Gamble v. City of Escondido*, 104 F.3d 300, 304 (9th Cir.1997) (applying Title VII discrimination analysis to FHA claims). Tanno has waived any challenge to the district court's disposition of her retaliation claim by failing to present any argument concerning the issue in her opening brief. *See Arpin v. Santa Clara Valley Trans. Agency*, 261 F.3d 912, 919 (9th Cir.2001).

The district court did not abuse its discretion in denying Tanno's motion to set aside the judgment because she did not explain how defendants obtained judgment

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

through misrepresentation or other misconduct that would constitute fraud on the court. *See* Fed.R.Civ.P. 60(b)(3); *Casey,* 362 F.3d at 1260.

The record does not support Tanno's claim that the district court's conduct of the case evidenced bias. *See Corey v. Loui (In re Corey),* 892 F.2d 829, 838–39 (9th Cir.1989).

Tanno's remaining contentions lack merit.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by 9th Cir. R. 36–3.