### John Vincent APOLLO, Plaintiff— Appellant,

v.

### COUNTY OF SACRAMENTO; et al., Defendants—Appellees.

#### No. 05–16774.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 13, 2007.

John Vincent Apollo, Vacaville, CA, pro se.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Alden J. Parker, Esq., Jackson Lewis LLP, David A. Melton, Porter Scott Weiberg & Delehant, Sacramento, CA, for Defendants–Appellees.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

## MEMORANDUM **

John Vincent Apollo appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that prison officials were deliberately indifferent to his need for a special diet, denied him use of the library, and subjected him to verbal threats and unsanitary conditions. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's summary judgment, *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir.2004), and we review for abuse of discretion the denial of a motion to vacate judgment, *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir.2004). We affirm.

The district court properly granted summary judgment to Sheriff Craig because Apollo failed to raise a genuine issue of material fact as to whether Craig personally participated in, or had any knowledge of the claimed deprivations. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–94, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (section 1983 does not impose liability upon state officials for the acts of their subordinates under a respondeat superior theory of liability).

The district court properly granted summary judgment to the County of Sacramento because Apollo failed to raise a genuine issue of material fact as to whether the claimed deprivations occurred pursuant to county policy or custom. *See Thompson v. City of Los Angeles*, 885 F.2d 1439, 1444 (9th Cir.1989) ("Only if a plaintiff shows that his injury resulted from a permanent and well-settled practice may liability attach for injury resulting from a local government custom.") (internal quotations omitted).

The district court did not abuse its discretion in denying Apollo's motion to vacate the judgment because Apollo failed to show that he was entitled to relief from judgment on any of the grounds enumerated in Fed.R.Civ.P. 60(b). *See Am. Ironworks & Erectors, Inc. v. N. Am.*, 248 F.3d 892, 899 (9th Cir.2001).

Apollo's remaining contentions are unpersuasive.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.