**UNITED STATES of America,
Plaintiff–Appellee,**

**New Century Mortgage Corporation,
Claimant–Appellant,**

v.

**$3,124,977.28 IN U.S. CURRENCY,
Defendant.**

**No. 06–56000.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 9, 2007.

Filed June 22, 2007.

Ann Luotto Wolf, Esq., USSA–Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Mark A. Kompa, Esq., Law Offices of Mark A. Kompa, Laguna Hills, CA, for Claimant–Appellant.

Before: SILVERMAN, WARDLAW, and BYBEE, Circuit Judges.

## MEMORANDUM *

New Century Mortgage Corporation ("New Century") appeals the district

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

court's denial of its motion for relief from judgment under Rule 60(b). The facts are known to the parties and are not repeated here except as necessary. We review the district court's denial of New Century's Rule 60(b) motion for abuse of discretion. *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir.2004). The district court could, in its discretion, properly deny the motion "if (1) the defendant's culpable conduct led to the default, (2) the defendant has no meritorious defense, or (3) the [opposing party] would be prejudiced if the judgment [were] set aside." *Price v. Seydel*, 961 F.2d 1470, 1473 (9th Cir.1992) (internal quotation marks and citation omitted). Because we conclude that New Century had no meritorious defense to the underlying forfeiture,[1] we affirm the district court's denial of New Century's Rule 60(b) motion.

■ First, New Century argues that it qualified as an innocent owner as defined in the statute of forfeiture, 18 U.S.C. § 983(d), and therefore had a complete defense to forfeiture of its secured interest in the property. The statute further defines an "innocent owner" as "a person who, at the time that person acquired the interest in the property (i) was a bona fide purchaser or seller for value . . .; and (ii) did not know and was reasonably without cause to believe that the property was subject to forfeiture." *Id.* at § 983(d)(3). Because New Century did not qualify as a bona fide purchaser for value, it could not have qualified as an innocent owner in the underlying proceeding.

California law[2] defines a bona fide purchaser for value as one who has (1) given value (2) in good faith (3) "without actual or constructive notice of another's rights." *See Oakdale Vill. Group v. Fong*, 43 Cal. App. 4th 539, 547, 50 Cal.Rptr.2d 810 (Cal. Ct.App.1996). Under California law, a properly recorded and indexed lis pendens provides parties who subsequently acquire an interest in the property with constructive notice of the interest reflected in the lis pendens. *See Lewis v. Superior Court*, 30 Cal.App.4th 1850, 1866–67, 37 Cal. Rptr.2d 63 (Cal.Ct.App.1994); *see also United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 58, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993). Here, the government's lis pendens was filed, recorded, and indexed by July 30, 2003. New Century did not acquire its secured interest until August 14, 2003, over two weeks later, and therefore indisputably had constructive notice of the government's competing and superior interest in the property. Given that it had constructive notice, New Century cannot qualify as a bona fide purchaser and, consequently, is not an innocent owner under 18 U.S.C. § 983(d).

■ Second, New Century contends that the government violated its due process rights by providing insufficient notice of the forfeiture proceedings. In a forfeiture proceeding, the government is constitutionally required to provide *interested parties* with notice and an opportunity to be heard, *see Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950), and procedurally required to "give public notice of the action and arrest in a newspaper designated by court order and having general

---

1. Because we conclude that New Century lacked a meritorious defense, we decline to address the question of whether it demonstrated excusable neglect under Rule 60(b).

2. Because there is no material difference between the California and general common law definitions of bona fide purchaser, we decline to address the parties' contentions over whether state or federal common law governs the definition of bona fide purchaser as used in the context of the innocent owner's defense under 18 U.S.C. § 983(d).

circulation in the district," SUPPLEMENTAL RULES FOR ADMIRALTY AND MARITIME CLAIMS AND ASSET FORFEITURE ACTIONS RULE C(4).[3] The government satisfied both requirements. The government filed its forfeiture complaint on July 21, 2003 and its lis pendens on July 24, 2003; the lis pendens was indexed, and therefore put all future acquirers on notice, on July 30, 2003. Because New Century acquired no interest in the property until more than two weeks after the government acquired its interest in the property, it was not an interested party and was therefore not entitled to notice and an opportunity to be heard. Moreover, even if New Century somehow qualified as an interested party when it subsequently acquired its secured interest, the government provided all the notice that was required when it fully complied with Rule C(4).

■ Third, New Century asserts that the forfeiture of its secured interest in the property was excessive under the Excessive Fines Clause of the Eighth Amendment. We previously have held that at least some forfeitures, even of criminal proceeds, may be subject to the limitations of the Excessive Fines Clause. *See, e.g., United States v. 3814 NW Thurman St.,* 164 F.3d 1191, 1194 (9th Cir.1999) (holding that forfeiture of the proceeds of wrongdoing was constitutionally excessive); *but see United States v. Real Prop. Located at 22 Santa Barbara Drive,* 264 F.3d 860, 874–75 (9th Cir.2001) (holding that forfeiture of drug proceeds is not subject to Eighth Amendment limitations "[b]ecause criminal proceeds represent the paradigmatic example of 'guilty property,' the forfeiture of which has traditionally been regarded as non-punitive"). If the forfeiture is punitive, the Excessive Fines Clause requires that the amount of the forfeiture

not be "'grossly disproportional to the gravity of a defendant's offense.'" *Thurman,* 164 F.3d at 1197 (quoting *United States v. Bajakajian,* 524 U.S. 321, 334, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998)). The statute of forfeiture likewise states that any claimant "may petition the court to determine whether the forfeiture was constitutionally excessive" in relation to the "gravity of the offense giving rise to the forfeiture." 18 U.S.C. § 983(g).

New Century argues that the forfeiture of its interest in the Craftsman Property was excessive because the amount of the forfeiture was grossly disproportional to *its own* culpability in the underlying wrongdoing. As the *Thurman* court noted and as § 983(g) requires, we determine proportionality with reference to "the gravity of a defendant's offense" or to the "gravity of the offense giving rise to the forfeiture," not with reference to the claimant's culpability.

■ Viewed in comparison with the gravity of the forfeiture offenses, the forfeiture of the Craftsman Property is hardly disproportionate. As the district court detailed in the underlying proceeding, the fraud perpetrated by Tony Khan and his parents extended over several years and involved significant sums. Moreover, the district court found that the entire purchase price of the Craftsman property derived from the proceeds of the underlying offense. Finally, under California law, New Century took whatever interest it had in the property subject to the outcome of the government's forfeiture proceeding against Tony Khan's property. *See Campbell v. Superior Court,* 132 Cal.App.4th 904, 910–11, 34 Cal.Rptr.3d 68 (Cal.Ct. App.2005) (holding that "[a]ny taker of a subsequently created interest in [a proper-

---

**3.** The forfeiture statute requires that the forfeiture complaint be filed in accordance with these rules. *See* 18 U.S.C. § 983(a)(3)(A); *see also* SUPP. RULE A(1).

ty with a lis pendens attached] takes his interest subject to the outcome of that litigation"). Given that the government's interest in the Craftsman Property had priority, realization of that interest could not operate as a forfeiture vis-à-vis New Century's subservient interest. For all of these reasons, we hold that the forfeiture of whatever interest New Century had in the Craftsman Property was not disproportional to the gravity of the offense giving rise to the forfeiture.

**AFFIRMED.**

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.