MEMORANDUM **
Junies Jenkins, an Arizona state prisoner, appeals pro se from the district court’s order denying his motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion, Casey v. Albertson’s Inc., 362 F.3d 1254, 1257 (9th Cir.2004), and we affirm.
The district court did not abuse its discretion by denying Jenkins’ motion for reconsideration because Jenkins failed to present newly discovered evidence or clear and convincing evidence of fraud. See Fed.R.Civ.P. 60(b)(2), (3); see also Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., 833 F.2d 208, 211 (9th Cir.1987) (stating that to prevail on a motion for reconsideration based on newly discovered evidence, the moving party must show the evidence was not previously discoverable through the exercise of due diligence, and is of such magnitude that it would have likely changed the outcome of the case); Casey, 362 F.3d at 1260 (explaining that “to prevail on a motion for reconsideration for fraud, the moving party must prove by clear and convincing evidence that the [judgment] was obtained through fraud, misrepresentation, or other misconduct *228 and the conduct complained of prevented the losing party from fully and fairly presenting the defense”).
Jenkins’ remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.