**Christopher MORLEY; et al., Plaintiffs—Appellants,**

v.

**Joy PEEL–POHTO, Defendant,**

**Chris Peel–Pohto; et al., Defendants,**

**and**

**Lorre Smith; et al., Defendants— Appellees.**

**No. 07–16964.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 11, 2008.*

Filed Jan. 16, 2009.

Keith S. Knochel, Esquire, The Law Offices of Keith S. Knochel, P.C., Bullhead City, AZ, for Plaintiffs–Appellants.

C. Andrew Campbell, Esquire, Martin Hart & Fullerton PC, Mesa, AZ, for Defendants–Appellees.

Lorre Smith, Georgetown, TX, pro se.

James O. Smith, Georgetown, TX, pro se.

Before: TASHIMA, BERZON and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Christopher and Arden Morley (the "Morleys") appeal the magistrate judge's rejection of their Motion for Entry of Summary Judgment Pursuant to Rule 54(b) in Favor of Lorre and James O. Smith (the "Smiths"), and their Motion to Correct

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Nunc Pro Tunc* the court clerk's June 27, 2007 Rule 58 judgment, or set it aside pursuant to Rules 60(a) and 60(b). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 636(c)(3). We affirm.

1. The magistrate judge properly rejected the Morleys' Rule 60 motion. Motions for relief from judgment pursuant to Rule 60 are addressed to the sound discretion of the district court and will not be reversed absent an abuse of discretion. *See Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir.2004); *SEC v. Coldicutt*, 258 F.3d 939, 942 (9th Cir.2001); *American Ironworks & Erectors Inc. v. North American Constr. Corp.*, 248 F.3d 892, 899 (9th Cir.2001).

■ Federal Rule of Civil Procedure 58(a) provides that "[e]very judgment ... must be set forth on a separate document." The rule is designed to set forth a proper date for calculating an appeal's timeliness. *See Whitaker v. Garcetti*, 486 F.3d 572, 579 (9th Cir.2007). In order to provide clarity when litigation involves multiple parties and "encourage all reasonable speed in formulating and entering the judgment when the case has been decided," Advisory Notes to Fed. R. Civ. Pro. 58, "[s]ubject to Rule 54(b) ... the clerk must, without waiting the court's direction, promptly prepare, sign, and enter the judgment when ... the court denies all relief," Fed. R. Civ. Pro. 58(b)(1)(C).

The magistrate judge granted the Smiths' motion for summary judgment on June 26, 2007. The court previously granted all other defendants' motions for summary judgment, so as of June 26, the court had "denie[d] all relief," and Rule 58 required the Clerk to enter a judgment. Fed. R. Civ. Pro. 58(b)(1)(C). The judgment was sent to all counsel and stated that "having dismissed these sole remaining defendants [the Smiths] with prejudice, this action is hereby dismissed."

Upon consideration of the Morleys' Rule 60 motion, the magistrate judge noted that "there was no clerical mistake, and thus relief under Rule 60(a) is not appropriate." Moreover, the Morleys did not present any legitimate argument that the Rule 58 judgment was issued due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. Pro. 60(b). Though admitting that he should have recognized that Joy and Chris Peel–Pohtos' Rule 54(b) motion was moot upon filing of the Rule 58 motion, the magistrate judge noted that "[i]t is difficult for the court to understand how [the Morleys] could interpret a document from the Clerk of the Court entitled 'Judgment,' that formally dismissed the entire action, as anything but a judgment that must be timely appealed." We agree. Accordingly, we conclude that the magistrate judge did not abuse his discretion when denying the Morleys' Rule 60 motion.

■ 2. We also affirm the magistrate judge's denial of the Morleys' request for a Rule 54(b) judgment, because the Rule 58 judgment was sufficient. Rule 54(b) does not require the district court to issue a Rule 54 judgment for each defendant, but instead provides that the court "may" do so. Fed. R. Civ. Pro. 54(b). Rule 58 is intended to promote efficiency and prevent confusion by providing a catch-all judgment when the court becomes aware that no claims are left undecided. Fed. R. Civ. Pro. Advisory Notes to Rule 58. Accordingly, either a Rule 54 judgment or a Rule 58 judgment suffices. The Clerk of the Court performed its duty by issuing the Rule 58 judgment as soon as all parties were dismissed from the action. Because this judgment ends the action and presents a date from which the losing party may

appeal, we see no reason to issue a Rule 54(b) motion with respect to the Smiths.

**AFFIRMED.**