NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 01 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EARL E. ROSE, JR.,

Plaintiff - Appellant,

v.

B. BONNET, Deputy Sheriff, in his/her
individual capacity; et al.,

Defendants - Appellees.

No. 09-55784

D.C. No. 5:06-01236-SJO-AJW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted October 19, 2010[**]

Before:     O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

California state prisoner Earl Rose, Jr. appeals from the district court's

summary judgment and order denying his motion for reconsideration in his 42

U.S.C. § 1983 action alleging deliberate indifference to his safety.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review de novo the grant of summary judgment, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and for abuse of discretion the denial of a motion for reconsideration, *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004).  We affirm.

The district court properly granted summary judgment on qualified immunity grounds because defendants' moving papers and evidence alone established that there was no triable issue as to whether they knew of and disregarded an excessive risk to Rose's safety.  *See Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994) (deliberate indifference claim requires that defendants knowingly disregard an excessive risk to inmate's health or safety in violation of the Eighth Amendment); *Inouye v. Kemna*, 504 F.3d 705, 712 (9th Cir. 2007) (qualified immunity requires determining whether defendants' conduct violated a constitutional right and whether the right was clearly established at the time of the alleged violation).

The district court did not abuse its discretion in denying reconsideration because neither Rose's counsel's calendaring mistakes nor his ignorance of the law in failing to file a timely opposition to defendants' motion for summary judgment established valid grounds for relief under Federal Rule of Civil Procedure 60(b)(1). *See Casey*, 362 F.3d at 1257 ("parties are bound by the actions of their lawyers,

and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1)").

We do not consider arguments raised for the first time on appeal. *See Foti v. City of Menlo Park*, 146 F.3d 629, 238 (9th Cir. 1998).

Rose's remaining contentions are unpersuasive.

**AFFIRMED**.