**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHAN-TAY CROSS, | No. 10-56431 |
| Plaintiff - Appellant, | D.C. No. 2:05-cv-03398-AG-E |
| v. | |
| UNITED AIRLINES, a corporation, doing business in California; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted February 12, 2013**
Pasadena, California

Before: BERZON and WATFORD, Circuit Judges, and CARR, Senior District
Judge.***

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable James G. Carr, Senior District Judge for the U.S.
District Court for the Northern District of Ohio, sitting by designation.

Chan-Tay Cross ("Cross") appeals from the district court's order denying her motion to set aside judgment pursuant to Federal Rule of Civil Procedure 60(b). We review such an order for an abuse of discretion. *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004). "A district court abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." *Id.* Applying this standard, we affirm.

**1.** We have adopted a four-factor equitable analysis "to determine whether neglect is 'excusable' under Rule 60(b)(1)." *Bateman v. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The district court did not abuse its discretion in applying this equitable analysis and determining that the neglect of Cross's counsel was not excusable. The reasons given by Cross's counsel were no different than circumstances faced by many lawyers who meet applicable deadlines or timely seek continuances, and, in any event, the unfortunate events do not account for the nearly one-year delay in filing the Rule 60(b) motion.

**2.** Cross also argued for relief under Rule 60(b)(6), which authorizes the court to relieve a party from a final judgment for "any other reason that justifies relief." To merit relief under Rule 60(b)(6), a party must demonstrate "extraordinary circumstances which prevented or rendered him unable to prosecute

[his case]." *Comm'y Dental Svcs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002) (internal quotation marks and citation omitted). The district court correctly applied this standard and held that Cross had not made the required showing.

**AFFIRMED.**