FILED

APR 30 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff - Appellee,<br><br>  v.<br><br>AKRAM YASSIN, AKA Akram Sobhieya Yassin,<br><br>        Defendant - Appellant. | No. 13-56688<br><br>D.C. No. 2:12-cv-04251-R-VBK<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted April 22, 2015[**]

Before:     GOODWIN, BYBEE and CHRISTEN, Circuit Judges.

Akram Yassin appeals pro se from the district court's orders denying his

motion to vacate summary judgment in the government's action to revoke his

United States citizenship under 8 U.S.C. § 1451(a), and granting the government's

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

motion to enforce the judgment. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004). We affirm.

The district court did not abuse its discretion in denying Yassin's motion to vacate summary judgment and granting the government's motion to enforce the judgment, because Yassin failed to establish that the judgment was obtained through fraud, and did not explain why he could not have discovered this alleged fraud prior to the judgment. *See* Fed. R. Civ. P. 60(b)(3); *Casey*, 362 F.3d at 1260 (to prevail on a Rule 60(b)(3) motion the moving party must prove that the judgment was obtained through fraud, and that the fraud was not discoverable by due diligence before or during proceedings); *see also Cal. Dep't. of Social Services v. Leavitt*, 523 F.3d 1025, 1031 (9th Cir. 2008) (reviewing for an abuse of discretion the denial of a motion to enforce a judgment).

We reject Yassin's contention that the district court erred in denying his motion for appointment of counsel.

We also reject Yassin's contentions that due to the existence of an allegedly identical prior lawsuit the district court lacked jurisdiction over the current lawsuit and he has been subjected to double jeopardy, that the district court improperly

denied him discovery, and that the district court improperly refused to file Yassin's letter concerning his inquiries regarding his prison mail.

We lack jurisdiction to consider Yassin's appeal of the district court's 2012 summary judgment because Yassin failed to file a timely Notice of Appeal from entry of judgment or a timely tolling motion. *See* Fed. R. App. P. § 4(a)(1)(B)(i), (a)(4)(A)(vi).

Yassin's request for appointment of counsel in connection with this appeal, set forth in his opening brief, is denied.

**AFFIRMED.**