

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAAHDI COLEMAN, | No. 14-16455 |
| Petitioner-Appellant, | D.C. No. 2:07-cv-00136- JAM- GGH |
| v. | |
| DERRAL G. ADAMS, Warden; ATTORNEY GENERAL FOR THE STATE OF CALIFORNIA, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted October 17, 2016[**]
San Francisco, California

Before: KLEINFELD, TASHIMA, and M. SMITH, Circuit Judges.

In 2007, Saadhi Coleman filed a petition under 28 U.S.C. § 2254, which the

district court dismissed as untimely. Years later, Coleman unsuccessfully sought

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

relief from this dismissal under Federal Rule of Civil Procedure 60(b). Coleman now challenges the district court's denial of his Rule 60(b) motion. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

A district court's denial of a motion under Rule 60(b) is reviewed for abuse of discretion. *See Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004). In relevant part, Rule 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding for "fraud . . . misrepresentation, or misconduct by an opposing party," Fed. R. Civ. P. 60(b)(3), or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). As to timing, "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons [under subdivisions] (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The timeliness of Coleman's motion turns on whether he sought relief from the district court under Rule 60(b)(3) for "fraud . . . misrepresentation, or misconduct," or, alternatively, under the catchall provision of Rule 60(b)(6). If the former, then Coleman's motion is subject to Rule 60(c)(1)'s one-year statute of limitations. And, because Coleman's motion was initially filed on January 10, 2014 – more than four years after the district court dismissed his § 2254 petition – it would be time-barred. On the other hand, if Coleman's motion sought relief

under Rule 60(b)(6), then the relevant inquiry should have considered whether the motion was filed "within a reasonable time." *Id.*

It is clear from the record that Coleman sought relief under Rule 60(b)(3). His primary argument is that Appellees defrauded him out of a full and fair hearing on his § 2254 petition, and that they achieved this end by lying on official documents, presenting false evidence, withholding relevant information, and otherwise generally misleading the district court. In short, there is little doubt that Coleman's motion falls within the heartland of Rule 60(b)(3). As such, the motion cannot be construed as one seeking relief under Rule 60(b)(6). *See Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1338 (9th Cir. 1986) ("Clause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'").

Coleman's motion was filed several years after the statutory limitations period had expired. It was therefore time-barred and the district court did not abuse its discretion in denying it.

The judgment of the district court is **AFFIRMED.**