NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TALENT MOBILE DEVELOPMENT, INC., | No. 19-55258 |
| Plaintiff-Counter-Defendant-Appellee, | D.C. No. 5:18-cv-00156-DOC-DFM |
| v. | MEMORANDUM* |
| HEADIOS GROUP; BASSAM ISTAMBOULI, erroneously sued as Bassam Istanbuli; WALEED SHAKER, | |
| Defendants-Counter-Claimants-Appellants. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted April 3, 2020**
Pasadena, California

Before: BEA and BADE, Circuit Judges, and DRAIN,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Gershwin A. Drain, United States District Judge for the Eastern District of Michigan, sitting by designation.

Appellants Headios Group, Bassam Istambouli and Waleed Shaker appeal the district court's denial of their post-judgment motions for a new trial and to amend the judgment in this trademark-infringement action. We have jurisdiction pursuant to 28 U.S.C. § 1291. For the reasons that follow, we affirm.

We review the district court's denial of post-judgment relief under Rules 59 and 60 of the Federal Rules of Civil Procedure for an abuse of discretion. *Kode v. Carlson*, 596 F.3d 608, 612 (9th Cir. 2010); *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004); *see also United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc) (providing the abuse-of-discretion standard).

Appellants first argue the verdict is not supported by the weight of the evidence because Appellee Talent Mobile Development, Inc. ("Talent Mobile") did not present any evidence of first use of its "Real Caller" and "Real Caller ID" word marks in commerce. *See Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1203 (9th Cir. 2012) ("[T]he party claiming ownership must have been the first to actually use the mark in the sale of goods or services."). "A jury's verdict must be upheld if it is supported by 'substantial evidence.'" *Wallace v. City of San Diego*, 479 F.3d 616, 624 (9th Cir. 2007) (quoting *Johnson v. Paradise Valley Unified Sch. Dist.*, 251 F.3d 1222, 1227 (9th Cir. 2001)). "Substantial evidence is evidence adequate to support the jury's conclusion, even if it is possible to draw a contrary conclusion from the same evidence." *Id*. (quoting *Johnson*, 251 F.3d at

2

1227).

The evidence at trial demonstrated that Talent Mobile's registered "Real Caller" word mark, U.S. Reg. 4671180, was first used in commerce in connection with its sales of the "Real Caller" application on Apple's iTunes store in October of 2013. The evidence at trial also demonstrated that Talent Mobile's predecessor-in-interest, Troy Anderson, developed a smartphone application branded "Real Caller ID" that was first used in commerce in 2011. The evidence further showed that Troy Anderson sold his rights to the "Real Caller ID" application to Talent Mobile in 2017. Conversely, Headios Group's first use of the "Reel Caller" mark on the Apple iTunes store occurred in December of 2013. The evidence also showed that prior to naming the application "Reel Caller," Appellants' caller identification application was called "Arab Real Caller" and was sold in Arab countries. Moreover, Appellants abandoned the "Arab Real Caller" application in November of 2013 by discontinuing its use. Appellants cannot assert any trademark rights in their abandoned "Arab Real Caller" mark by tacking the "Arab Real Caller" onto "Reel Caller." *Abdul-Jabbar v. General Motors Corp.*, 85 F.3d 407, 411–12 (9th Cir. 1996).

The likelihood of confusion between Talent Mobile's "Real Caller" and "Real Caller ID" word marks and Headios Group's "Reel Caller" mark is evident. During the trial, the district court repeatedly sought to clarify for the record

whether the parties were referring to "real" or "reel." The district court did not abuse its discretion by concluding that substantial evidence supports the jury's verdict.

Appellants also argue that the jury's verdict is inconsistent, however they have waived this argument because they failed to raise it prior to the district court discharging the jury. A party "waive[s] its objection to the jury's verdict . . . by not objecting to the alleged inconsistency prior to the dismissal of the jury." *Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1331 (9th Cir. 1995). Even if Appellants had not waived their challenge to the jury verdict on inconsistency grounds, their challenge would still fail. The evidence admitted during the trial was that the "Real Caller" logo was unique and different in comparison to Appellants' "Real Caller" logo, which is written in softer pastel colors and in a different font. The jury could reasonably conclude, without inconsistency, that Appellants infringed the "Real Caller" and "Real Caller ID" word marks, but not the "Real Caller" logo mark.

Appellants also argue that the damages award of $710,261.00 is excessive. "Generally, we will not reverse the jury's assessment of the amount of damages unless the amount is 'grossly excessive or monstrous,'" if "the evidence clearly does not support the damage award," or "if it 'could only have been based on speculation or guesswork.'" *Blanton v. Mobil Oil Corp.*, 721 F.2d 1207, 1216 (9th

4

Cir. 1983) (citations omitted).  Shaker testified that between 2014 through 2017, Headios Group was making roughly $1,000.00 to $1,500.00 per day with monthly expenses of $15,000.00.  The district court did not abuse its discretion by concluding that the jury's $710,261.00 damages award was reasonable, supported by the evidence, fairly computed by the jury and not excessive given the findings of infringement and the diversion of consumers away from Talent Mobile.

Finally, there is adequate basis to assess damages against Shaker and Istambouli, who both directed and participated in Headios Group's infringement. *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.,* 173 F.3d 725, 734 (9th Cir. 1999).  The evidence at trial revealed that Istambouli and Shaker are the only employees of Headios Group.  Both control the developer account in the Google Play store that markets and sells Headios Group's "Reel Caller" application. Additionally, both Istambouli and Shaker were put on notice by Talent Mobile, Google and Apple of the potential infringement of Talent Mobile's "Real Caller" application.  Yet, Istambouli and Shaker merely changed the name of their application to "Reel Caller" and continued to divert consumers to Headios Group's other caller-identification applications including Numberbouk, Pro Caller and Arab Real Caller.  Both Istambouli and Shaker were affirmative actors behind Headios Group's infringement of Talent Mobile's "Real Caller" and "Real Caller ID"

5

marks. The district court did not abuse its discretion by declining to amend the judgment so that it is not joint and several.

**AFFIRMED.**