NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

JUL 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KAREN M. SUBER,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>VVP SERVICES LLC; VISION VENTURE PARTNERS, LLC; ELEVEN STONES, LP; AMIT RAIZADA; PROMETHEUS VENTURES, LLC; STRATTON SCLAVOS,<br><br>    Defendants - Appellees. | No. 24-1814<br><br>D.C. No.<br>2:23-cv-02932-KK-AFM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Kenly Kiya Kato, District Judge, Presiding

Submitted April 10, 2025**
Pasadena, California

Before: CALLAHAN, DESAI, and DE ALBA, Circuit Judges.

Karen M. Suber ("Suber") appeals the district court's orders (1) granting her

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

motion for voluntary dismissal and (2) denying her motion for relief pursuant to Federal Rule of Civil Procedure 60(b)(1). We dismiss in part and affirm in part.

1. A district court's order granting voluntary dismissal without prejudice is unreviewable where, as here, a plaintiff consents to the conditions attached to dismissal and such conditions do not result in legal prejudice. *Unioil, Inc. v. E.F. Hutton & Co., Inc.*, 809 F.2d 548, 555–56 (9th Cir. 1986), *overruled in part on other grounds by In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 434–35 (9th Cir. 1996).

First, Suber "consented" to the conditions attached to the dismissal when she failed to withdraw her motion within a reasonable time, despite knowing that she could do so. *Id.* at 555 ("[A] plaintiff who knows or has reason to know that he may withdraw his motion . . . will be deemed to have consented to the conditions attached . . . ."). Suber acknowledged in her reply to Defendants' objections to her motion for voluntary dismissal that Defendants were requesting attorney's fees as a condition of dismissal. Nonetheless, Suber did not withdraw her motion. This constitutes consent. *See id.* (explaining that the plaintiff's failure to withdraw their motion, despite indicating in their reply that they were aware of their option to do so, constitutes consent).

Second, the conditional imposition of fees for a voluntary dismissal does not constitute "legal prejudice." *Id.* at 551–53, 555–56 (imposing costs and attorney's

fees as a condition of voluntary dismissal does not involve legal prejudice and, thus, does not render conditional voluntary dismissal adverse and appealable). Therefore, because Suber's conduct constitutes consent, and the condition imposing fees does not constitute legal prejudice, we lack jurisdiction to review the district court's grant of Suber's motion for voluntary dismissal.

2. We have jurisdiction to review the denial of a motion for relief pursuant to Rule 60(b)(1) under 28 U.S.C. § 1291. We review the denial for abuse of discretion. *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004). "A district court abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." *Id.*

Suber argues that her failures to timely file an opposition to Defendants' motion to dismiss and to seek leave to file a reply to Defendants' objections to her motion for voluntary dismissal constituted excusable neglect. Suber also argues that the district court erred in failing to apply the *Pioneer* factors. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393–95 (1993). Assuming without deciding that the district erred by failing to reference the *Pioneer* factors, any error was harmless because granting Suber's Rule 60(b)(1) motion would not have affected the underlying Rule 41(a)(2) judgment. *See Casey*, 362 F.3d at 1260 (affirming denial of Rule 60(b)(1) motion, in part, because the plaintiff failed to establish that the Rule 60(b)(1) relief for excusable neglect

would have changed the outcome of the case). First, Suber sought dismissal of all claims voluntarily, obviating any need for an opposition to Defendants' motion to dismiss. Second, Suber's failure to seek leave to file a reply to Defendants' objections to voluntary dismissal resulted in no prejudice because the district court expressly "considered Plaintiff's proposed reply" when reconsidering its conditional fee award.

**DISMISSED** in part and **AFFIRMED** in part.