**Marilyn Edith JOHANSEN, Plaintiff—Appellant,**

v.

**SAN DIEGO POLICE DEPARTMENT; et al., Defendants—Appellees.**

No. 08–55139.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 3, 2008 *.

Filed Nov. 12, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: TROTT, GOULD and TALLMAN, Circuit Judges.

MEMORANDUM **

This is an appeal of the district court's January 17, 2008 denial of appellant Marilyn Edith Johansen's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60, which was filed more than 10 days after entry of judgment. *See* Fed. R.App. P. 4(a)(4)(A)(vi) (noting that a motion for relief under Rule 60 only tolls the time to file an appeal if it is filed within 10 days after entry of judgment).

On May 19, 2008, this court denied appellant's motion for appointment of counsel and ordered her to show cause within 30 days why the district court's denial of her

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

motion should not be summarily affirmed. Appellant requested and was granted a 60–day extension of time to respond to the court's order on June 9, 2008. Again, on September 2, 2008, this court granted appellant an extension until October 27, 2008, over 5 months from issuance of the court's order to show cause. On October 27, 2008, appellant filed a response requesting transfer of this action to the San Diego Superior Court.

We have reviewed the response and the record below and conclude that the questions raised in this appeal are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

We review the denial of a motion for relief from judgment pursuant to Rule 60(b) for an abuse of discretion. *See Casey v. Albertson's, Inc.,* 362 F.3d 1254, 1257 (9th Cir.2004). "We may not reverse a district court's exercise of its discretion unless we have a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors." *SEC v. Coldicutt,* 258 F.3d 939, 942 (9th Cir.2001).

Prior to dismissal of her complaint, the court granted appellant two extensions of time, totaling 89 days, to file an amended complaint or to demonstrate extraordinary good cause as to why another extension of time should be granted. When appellant failed to comply by the December 17, 2007 deadline, the district court dismissed her complaint without prejudice and entered judgment. On January 14, 2008, appellant filed a motion for relief from judgment indicating that she was unable to comply with the court's orders because of health issues. The district court construed her motion as a motion for relief from judgment on the grounds of excusable neglect pursuant to Federal Rule of Civil Proce-

dure 60(b)(1) and found that the evidence submitted did not demonstrate that appellant was "so ill or disabled as to excuse her neglect." *See* January 17, 2008 Order, p. 3, 2008 WL 170016.

In support of her motion for relief from judgment, appellant submitted a variety of medical records. *See* January 17, 2008 Order, p. 3. The most recent was a hospital discharge record from December 2, 2007 (10 days prior to the deadline for filing another request for an extension of time or amended complaint), which indicated that appellant had acute bronchitis and chronic lung disease, but released her into her own care. On this record, the district court did not abuse its discretion in concluding that appellant was able to function and care for herself without medical assistance prior to the filing deadline and denying appellant's motion for relief from judgment.

Accordingly, we summarily affirm the district court's judgment. Appellant's motion for transfer is denied.

All pending motions are denied as moot. **AFFIRMED.**