FILED

MAR 04 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CARL EDWARD HOFFMAN,

    Plaintiff - Appellant,

 v.

IMPACT CONFECTIONS, INC., a
Corlorado corporation; et al.,

    Defendants - Appellees.

No. 09-55019

D.C. No. 3:06-cv-00489-BTM-
NLS

MEMORANDUM [*]

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Submitted February 16, 2010[**]

Before: FERNANDEZ, GOULD, and M.SMITH, Circuit Judges.

 Carl Edward Hoffman appeals pro se from the district court's order denying

his Rule 60(b) motion seeking relief from judgment against him in his trade secret

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

 [**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

misappropriation lawsuit. Hoffman contends that defendant's summary judgment motion went unopposed as a result of his attorney's negligence and misconduct by counsel for defendant. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion, *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004), and we affirm.

The district court did not abuse its discretion by denying Hoffman's motion because he did not demonstrate any viable ground for relief under Rule 60(b). *See id.* at 1259-60 (9th Cir. 2004) (affirming denial of Rule 60(b)(1) motion that was based on alleged attorney malpractice and explaining that Rule 60(b)(3) requires "clear and convincing evidence that the [judgment] was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting" its case); *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1101, 1103 (9th Cir. 2006) (explaining that mistakes resulting from attorney negligence "are more appropriately addressed through malpractice claims" than under Rule 60(b)(1) and that Rule 60(b)(6) "is used sparingly" and "only where extraordinary circumstances prevented a party from taking timely action") (citations and internal quotation marks omitted).

Hoffman's remaining contentions are unpersuasive.

**AFFIRMED.**

IL/RESEARCH

09-55019