**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 09-55805, 09-55807 |
| Plaintiff - Appellee, | D.C. No. 2:07-cv-07766-GW-FMO |
| v. | |
| STANLEY ZURN and KELLUNION, LLC, | MEMORANDUM[*] |
| Defendants - Appellants, | |
| and | |
| VALERY ZURN, AKA Valerie Zurn; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted May 6, 2011[**]
Pasadena, California

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:     SILVERMAN, TALLMAN, and CLIFTON, Circuit Judges.

In these consolidated appeals, Stanley Zurn and Kellunion, LLC ("Appellants") appeal from the district court's judgment reducing Zurn's unpaid tax liability to judgment, setting aside the transfer of certain properties from Zurn to Kellunion, and foreclosing federal tax liens on and ordering the sale of those properties. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's decision regarding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6). *Arrington v. Wong*, 237 F.3d 1066, 1069 (9th Cir. 2001). We review for an abuse of discretion the district court's denial of a motion to reconsider a grant of summary judgment. *Sch. Dist. No. 1J, Mulnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). We affirm.

The district court properly denied Appellants' motion to dismiss because there was no pending collection due process ("CDP") hearing. *See* 26 U.S.C. § 6330(e) (suspension only applies while CDP "hearing, and appeals therein, are pending"). Moreover, § 6330(e) only applies to administrative tax levy proceedings, not lien-foreclosure suits such as the one challenged here. *See id.*; *see also United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 720-21 (1985) (discussing difference between administrative levy and lien-foreclosure suit).

The district court did not abuse its discretion in denying Appellants' motion to reconsider the court's grant of summary judgment because Appellants failed to identify any ground for relief. *See Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) (discussing Federal Rule Civil Procedure 60(b)(3)); *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (discussing Federal Rule Civil Procedure 59(e)); *see also* C.D. Cal. L.R. 7-18. As the district court explained, whether Appellants had obtained a tax identification number for the trust was not material to the court's decision. Furthermore, if Appellants had exercised diligence, the factual error could have been discovered and raised prior to the grant of summary judgment.

The district court did not abuse its discretion in denying Appellants' second request to continue the date for the summary judgment hearing. *See Orr v. Bank of Am.*, 285 F.3d 764, 783-84 (9th Cir. 2002). The court had already granted one extension, and Appellants did not show diligence in preparing a response to the United States' motion for summary judgment.

We do not consider whether the district court properly granted summary judgment to the United States because Appellants have not advanced any arguments in support of their position on this issue. *See Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. California*, 547 F.3d 962, 968 n.3 (9th

Cir. 2008) (deeming abandoned issue listed among grounds for appeal but not supported by argument).

The United States' motion to strike portions of Appellants' reply brief is denied.

**AFFIRMED.**