NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50540 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00171-PA-1 |
| v. | |
| YU CHUNCHAI, AKA Katherine Yu, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted February 14, 2012
Pasadena, California

Before: FARRIS and W. FLETCHER, Circuit Judges, and HELLERSTEIN, Senior
District Judge.**

Yu was found guilty of bribing a public official and trafficking in counterfeit

goods. She argues that (1) the district court's instructions were confusing and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Alvin K. Hellerstein, Senior United States District
Judge for the Southern District of New York, sitting by designation.

misleading; (2) there was insufficient evidence that she knew her merchandise was likely to be confused with authentic items; (3) the district court erred in calculating the infringement amount based on the retail value of the infringed goods; (4) the sentence was substantively unreasonable; and (5) the community service condition of supervised release was unreasonable. We affirm.

Even if Yu did not forfeit her right to object to the jointly-proposed jury instruction, there was no plain error. *See United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997). Under 18 U.S.C. § 2320(a)(1), the government must prove that the defendant intentionally dealt in goods and that he knowingly used a counterfeit mark. *See* S.Rep. No. 98-526, at 11 (1984); *United States v. Baker*, 807 F.2d 427, 428-9 (5th Cir. 1986). The statute does not require that the government prove that the defendant knew that his conduct was illegal or that he knew that the mark was likely to cause confusion. The district court did not commit plain error in not instructing the jury on these additional mental states.

As Yu failed to object to the sufficiency of the evidence at trial, this court reviews for plain error rather than *de novo*. *Perez*, 116 F.3d at 845. Section 2320 requires that the government prove likelihood to cause confusion, not actual confusion. Even under *de novo* review, there would be sufficient evidence that a rational jury could have found beyond a reasonable doubt that there was a

likelihood of confusion. *United States v. Nevils*, 598 F.3d 1158, 1163-4 (9th Cir. 2010).

This court reviews sentencing decisions for abuse of discretion, and "only a procedurally erroneous or substantively unreasonable sentence will be set aside." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008). If a defendant makes an untimely objection to procedural error or the unreasonableness of a sentence, however, review is for plain error, *United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), or abuse of discretion, *United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2009), respectively.

As Yu did not object to the use of the infringed items in calculating the infringement amount under the Sentencing Guidelines, review is for plain error. The retail value of the infringed item will be used if any of eight circumstances apply. U.S. Sentencing Guidelines Manual § 2B5.3 cmt. n.2. Yu stipulated that the counterfeit marks were substantially identical, § 2B5.3 cmt. n.2(A)(i), and determining the value of the infringing items would have been difficult to determine without unduly prolonging the sentencing proceeding, §2B5.3 cmt. n.2(A)(iii). There was no plain error in using the values of the infringed items.

This court reviews the sentence for abuse of discretion. *Carty*, 520 F.3d at 993. The district court calculated the guidelines range, reviewed the 18 U.S.C. §

3553 factors and other individual circumstances, and arrived at a sentence that comported with the sentencing goals at § 3553(a)(2). *Carty*, 520 F.3d at 994-5. The district court did not abuse its discretion.

This court reviews a district court's decision to impose a condition of supervised release for abuse of discretion. *United States v. Daniels*, 541 F.3d 915, 924 (9th Cir. 2008). The condition of supervised release requiring community service does not implicate a "particularly significant liberty interest," *United States v. Stoterau*, 524 F.3d 988, 1005 (9th Cir. 2008), so the district court was not required to articulate the reasons for imposing this particular condition as long as this court "can determine from the record whether the court abused its discretion," *United States v. Betts*, 511 F.3d 872, 876 (9th Cir. 2007).

The district court considered the § 3553 factors required by § 3583, as well as Yu's individual circumstances, before imposing her sentence. The community service requirement is reasonably related to the goals of deterrence, protection of the public, and rehabilitation of the offender. *United States v. Weber*, 451 F.3d 552, 558 (9th Cir. 2006). As the district court neither applied incorrect law nor rested its decision on a clearly erroneous finding of material fact, it did not abuse its discretion. *Casey v. Albertson's, Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004).

**AFFIRMED**.