**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CRAIG E. HARRISON, | No. 10-55923 |
| Plaintiff - Appellant, | D.C. No. 8:09-cv-00935-DOC-MLG |
| v. | |
| THE CAPITAL GROUP COMPANIES, INC.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted June 26, 2012[**]

Before:     SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Craig E. Harrison appeals pro se from the district court's dismissal of his

diversity action alleging tort claims arising from the termination of his consulting

contract with the Capital Group Companies, Inc., and related state court litigation.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). We affirm.

The district court properly dismissed Harrison's defamation claim as barred by claim preclusion based on the state court judgment dismissing the same claim on the merits. *See San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.*, 568 F.3d 725, 734 (9th Cir. 2009) (listing elements of claim preclusion under California law); *Kougasian v. TMSL, Inc.,* 359 F.3d 1136, 1143 (9th Cir. 2004) (a federal court relies on "the preclusion law of the state court that rendered the earlier judgment or judgments to determine whether subsequent federal litigation is precluded"); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 249-51 (9th Cir. 1992) (in California, jurisdictional determinations have res judicata effect).

The district court properly dismissed Harrison's abuse of process claim as barred by issue preclusion based on the state court judgment rejecting the same issues. *See Hernandez v. City of Pomona*, 207 P.3d 506, 513-14 (Cal. 2009) (discussing elements of issue preclusion); *see also Johnson v. Lucent Techs. Inc.,* 653 F.3d 1000, 1011 (9th Cir. 2011) (listing elements of California abuse of process claim).

The district court properly dismissed Harrison's extrinsic fraud claim because Harrison failed to allege facts showing that defendants prevented him from presenting his claim to the court. *See Kougasian*, 359 F.3d at 1140 ("Extrinsic fraud is conduct which prevents a party from presenting his claim in court." (citation and internal quotation marks omitted)).

The district court properly dismissed Harrison's fraud upon the court claim because Harrison failed to allege facts showing fraud, or that defendants' actions caused a grave miscarriage of justice. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (listing elements of California fraud claim); *Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 780 (9th Cir. 2003) (discussing fraud on the court).

The district court properly denied Harrison's motion to vacate under Fed. R. Civ. P. 60(b)(4) because Harrison failed to establish grounds warranting relief. *See Exp. Grp. v. Reef Indus., Inc.*, 54 F.3d 1466, 1469 (9th Cir. 1995) (standard of review); *United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999) (Rule 60(b)(4) motion requirements).

The district court did not abuse its discretion by denying Harrison's motion to vacate under Fed. R. Civ. P. 60(b)(3) because Harrison failed to establish grounds warranting relief. *See Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257,

1260 (9th Cir. 2004) (setting forth standard of review and Rule 60(b)(3) motion requirements).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Harrison's request for judicial notice and to publish our disposition are denied.

Harrison's remaining contentions, including those concerning the district court's discovery decisions and its denial of leave to amend, are unpersuasive.

**AFFIRMED.**