**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWIN PASCUA CARAANG and EDNA GOROSPE CARAANG,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>PNC MORTGAGE; et al.,<br><br>Defendants - Appellees,<br><br>and<br><br>NATIONAL CITY MORTGAGE; et al.,<br><br>Defendants. | No. 11-17027<br><br>D.C. No. 1:10-cv-00594-LEK-BMK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted September 10, 2012[**]

Before:     WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Edwin and Edna Caraang appeal the district court's judgment dismissing their action alleging federal and state law claims challenging a non-judicial foreclosure. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a dismissal for failure to comply with a court order, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), and we affirm.

The district court did not abuse its discretion by dismissing the Caraangs' action after the Caraangs failed to comply, allegedly due to their counsel's calendaring errors, with an order requiring them to file an amended complaint or face dismissal. *See* Fed. R. Civ. P. 41(b) (allowing dismissal of action for failure to comply with court orders); *Ferdik*, 963 F.2d at 1260-61 (listing factors to guide dismissal under Rule 41(b)); *see also Casey v. Albertson's, Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) ("parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment"). Dismissal followed the court's prior use of less drastic alternatives, and, under the circumstances, served both the public's interest in expeditiously resolving litigation and the court's interest in managing its docket. *See Ferdik*, 963 F.2d at 1262-63 (dismissal appropriate where three out of five factors support it).

Issues not supported by argument, including those concerning the merits of prior rulings dismissing the Caraangs's claims for failure to state a claim and

striking their first amended complaint, are deemed abandoned.  *See Am. Int'l Enters., Inc. v. FDIC*, 3 F.3d 1263, 1266 n.5 (9th Cir. 1993).

**AFFIRMED.**