**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2721
_____

FLOORGRAPHICS INC.,
Appellant
v.

NEWS AMERICA MARKETING IN-STORE SERVICES, INC;
NEWS AMERICA MARKETING  IN-STORE INC.
_____

On Appeal from the United States District Court
for the District of New Jersey
District Court  No. 3-04-cv-03500
Senior District Judge: The Honorable Anne E. Thompson

Argued March 24, 2011

Before: FUENTES, SMITH, and GREENBERG, *Circuit Judges*

(Opinion Filed: April 20, 2011 )

Thomas S. Biemer, Esq. (argued)
Laura E. Vendzules, Esq.
Dilworth Paxson
1500 Market Street
Suite 3500E
Philadelphia, PA  19102

William Isaacson, Esq.
Boies, Schiller & Flexner
5301 Wisconsin Avenue
Suite 800
Washington, DC  20015
        *Counsel for Appellant*

Lee N. Abrams, Esq. (argued)
James C. Schroeder, Esq.
Kristin W. Silverman, Esq.
Mayer Brown
71 South Wacker Drive
Chicago, IL  60603

Steven P. Goodell, Esq.
Herbert, Van Ness, Cayci & Goodell
22 Chamber Street
Princeton, NJ  08542

Diane Green-Kelly, Esq.
Reed Smith
10 South Wacker Drive
40th Floor
Chicago, IL  60606
        *Counsel for Appellees*

_____

OPINION

_____


SMITH, *Circuit Judge.*

In 2004, Floorgraphics, Inc. (FGI), a company that "pioneered the use of floor advertising in retail grocery stores," filed suit against, *inter alia*, News America Marketing In-Store Services, Inc., and News America Marketing In-Store, Inc. (collectively News).  FGI asserted federal claims under the Computer Fraud & Abuse Act and the Lanham Act, as well as ten state law claims alleging that News had engaged in unfair competition.  After protracted discovery and the denial of cross-motions for summary judgment, a jury trial commenced on March 3, 2009, before United States District Judge Anne Thompson.  On March 10, in the midst of trial, the parties settled the

case and the jury was discharged.  The parties executed a Mutual Release.  Although the Mutual Release did not provide for an exchange of consideration, it did reference the fact that the parties were contemporaneously executing an Asset Purchase Agreement, Goodwill Purchase Agreements with the majority stockholders, Non-Compete and Non-Solicitation Agreements, as well as Consulting Agreements.  Pursuant to the terms of these agreements, FGI, its principals and its majority shareholders received a total of $29.5 million.

On March 9, 2010, a day shy of the one year anniversary of FGI's settlement with News, FGI filed a motion seeking relief from judgment under Federal Rule of Civil Procedure 60(b)(2), (3), and (6).  FGI filed the motion "because it ha[d] recently learned of a substantial body of evidence that was produced by [News] in separate litigation, [*i.e.*, the federal antitrust action of *Valassis Communications, Inc. v. News America, Inc.*, No. 06-10240 (E.D. Mich.)],  which appears critically important to FGI's claims and should have been – but was not – produced in this matter."  It cited a number of video recordings of meetings of News' executives, which pertained to News' competition with FGI and other companies in the advertising market for consumer goods.  FGI also explained that it had discovered that "budget books," which it had requested during discovery and which had not been produced, had been provided to Valassis.  "Given the serious and troubling implications of these recent revelations, FGI [sought] relief to gain access to critical evidence [News] failed to produce in discovery and to protect the integrity of the judicial process."

3

News opposed the Rule 60(b) motion and moved to enforce the terms of the Mutual Release. It asserted, *inter alia*, that the material FGI cited in its motion fell into three categories: (1) material not encompassed by FGI's discovery requests; (2) material that FGI may have sought initially, but failed to pursue once News objected to the request; or (3) material that had not been produced in light of the Magistrate Judge's order denying FGI's discovery request.

During oral argument before Judge Thompson, FGI advised that the "primary reason" for its motion was that videos of News' CEO, Paul Carlucci, showed that he "said things that are directly contradictory to the [deposition] testimony that he gave in this case." FGI further asserted that News' failure to provide the video of Mr. Carlucci effectively foreclosed FGI from presenting its claim. After hearing from both parties, Judge Thompson denied the motion and concluded the hearing by stating that she did not "believe that it would be just to grant a 60(b) motion in this case." A timely notice of appeal followed, challenging the denial of relief under only 60(b)(2) and (3).[1]

Rule 60(b) provides that the "court may relieve a party . . from a final judgment, order, or proceeding for the following reasons: . . . (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); [and] (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]" Fed. R. Civ. P. 60(b)(2) and (3). In *Compass Technology, Inc. v. Tseng Laboratories, Inc.*, 71 F.3d 1125, 1130 (3d

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1332. Final order jurisdiction exists under 28 U.S.C. § 1291.

Cir. 1995), we instructed that Rule 60(b)(2) "requires that the new evidence (1) be material and not merely cumulative, (2) could not have been discovered before trial through the exercise of reasonable diligence and (3) would probably have changed the outcome of the trial. Any party requesting such relief 'bears a heavy burden.'" *Id.* (citations omitted).

Unlike Rule 60(b)(2), 60(b)(3) does not provide much guidance regarding its application. We have declared general principles applicable to a 60(b)(3) motion. For example, in *Brown v. Pennsylvania Railroad Company*, 282 F.2d 522 (3d Cir. 1960), we stated that "[i]n order to sustain the burden of proving fraud and misrepresentation under Rule 60(b)(3), the evidence must be clear and convincing." *Id.* at 527. *See also Anderson v. Cryovac, Inc.*, 862 F.2d 910, 923 (1st Cir. 1988) (noting need for "clear and convincing evidence" under 60(b)(3)). In *Seaboldt v. Pennsylvania Railroad Company*, 290 F.2d 296, 299 (3d Cir. 1961), we recognized that relief under Rule 60(b)(3) may be warranted, even though the newly disclosed evidence may not change the result, if such evidence "would have made a difference" in advancing the moving party's claim. Distilling these cases in *Stridiron v. Stridiron*, 698 F.2d 204 (3d Cir. 1983), we instructed that "[t]o prevail [under Rule 60(b)(3)], the movant must establish that [1] the adverse

party engaged in fraud or other misconduct, and [2] this conduct prevented the moving party from fully and fairly presenting his case." *Id.* at 207.[2]

After reviewing the record before us, we conclude that the District Judge did not abuse her discretion by denying FGI's motion for relief under Rule 60(b)(3). First, after scrutinizing Carlucci's deposition and the 2002 Carlucci video, we conclude that FGI did not establish perjury warranting relief under Rule 60(b)(3). Second, discovery misconduct cannot be based on News' failure to produce the budget books inasmuch as the discovery request was objected to and FGI's motion to compel was denied by the Magistrate Judge.

FGI also based its claim of discovery misconduct on News' failure to produce eleven videotapes in response to FGI's Request for Production of Documents No. 20. In *Stridiron*, we observed that a failure to . . . produce evidence requested in discovery *can* constitute Rule 60(b)(3) misconduct." 698 F.2d at 207(emphasis added). *Stridiron* did not state, however, that every failure to produce discovery qualifies as Rule 60(b)(3) misconduct. Whether there has been discovery misconduct warranting relief under Rule 60(b)(3) requires not only consideration of the request propounded, but also the response

---

[2] "We review grants or denials of relief under Rule 60(b), aside from those raised under Rule 60(b)(4), under an abuse of discretion standard." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 251 (3d Cir. 2008) (omitting footnote); *see also Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 263 n.7 (1978). An abuse of discretion arises if the district court makes a clearly erroneous finding of fact, a mistaken conclusion of law, or an improper application of law to fact. *In re Cendant Corp. PRIDES Litig.*, 235 F.3d 176, 181 (3d Cir. 2000). "[W]e will not interfere with the [D]istrict [C]ourt's exercise of discretion unless there is a definite and firm conviction that the court . . . committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Id.* (internal quotation marks omitted).

6

by one's adversary, and whether the moving party resorted to a motion to compel or a request for sanctions as permitted by the federal rules. Consideration of these factors informs our determination of whether a party was obligated to produce certain evidence during discovery and failed to do so.

Here, FGI claims that News failed to produce evidence responsive to its Request for Production of Documents No. 20 (RFPD No. 20). News, consistent with the right to challenge a discovery request, objected in part to FGI's RFPD No. 20. Thereafter, FGI, despite the fact that it had notice that News did not intend to comply with the RFPD No. 20 as propounded, failed to move to compel the production as requested pursuant to Federal Rules of Civil Procedure 26(g) and 34(b). Nor did FGI seek sanctions under Federal Rule of Civil Procedure 37 on the basis that News failed to respond to the request. The record before us does not indicate that the request was clarified or revised in any respect. Although FGI contends that these circumstances demonstrate that News failed to produce documents that it should have, we find these circumstances are also susceptible to an inference that FGI abandoned its request. As a result, we cannot conclude that News' resistance to RFPD No. 20 constitutes clear and convincing

7

evidence of discovery misconduct warranting relief under Rule 60(b)(3).[3]  *Brown*, 282

F.2d at 527.

Even if we were to conclude that there was misconduct, we are not persuaded that

FGI was precluded from fully and fairly presenting its case.  Contrary to FGI's

contention, we fail to see a direct contradiction between Carlucci's deposition testimony

and the statements captured on the video.  Furthermore, regardless of whether FGI had

access to the Carlucci video, Carlucci's deposition testimony provided ample fuel to fire

FGI's attack upon Carlucci's credibility.  Accordingly, we conclude that the District

Court did not abuse its discretion in denying relief under Rule 60(b)(3).

Nor do we find an abuse of discretion by the District Court in denying relief under

Rule 60(b)(2).  FGI did not take any action to compel compliance with its RFPD No. 20.

As a result, FGI cannot demonstrate that this new evidence "could not have been

discovered before trial through the exercise of reasonable diligence[.]"  *Compass Tech.*,

71 F.3d at 1130.

Judge Thompson was fully acquainted with the background and circumstances of

this case, having presided over the March 2009 trial that ended with settlement.  After

---

[3]  We do not find the circumstances in this case analogous to those in *Averbach v. Rival Manufacturing Co.*, 879 F.2d 1196 (3d Cir. 1989), or *Stridiron*, 698 F.2d at 207, in which the opposing party's response led the propounding party to believe that there was nothing else that might be responsive to the request.  News did not lead FGI down a dead end.  It provided notice to FGI that it was not going to respond to the request as propounded.  Served with this objection, FGI was obliged to either pursue its request by revising RFPD No. 20, seeking to compel compliance under the rules of discovery, or abandoning the request in its current form.  *See Info-hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 457-58 (6th Cir. 2008); *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004).

considering those circumstances, she ably applied the correct standards in denying relief under Rule 60(b)(3) and 60(b)(2), and did not abuse her discretion in deciding that it would not "be just to grant a 60(b) motion in this case." Accordingly, we will affirm the order of the District Court.