**NEWS AMERICA MARKETING IN-STORE SERVICES, LLC,**
Appellant in No. 13–4150

v.

**FLOORGRAPHICS, INC., Appellant in No. 13–4085.**

Nos. 13–4085, 13–4150.

United States Court of Appeals, Third Circuit.

Argued: June 10, 2014.

Filed: Aug. 13, 2014.

Thomas S. Biemer, Esq. (Argued), Katherine V. Hartman, Esq., Patrick M. Northen, Esq., Holly R. Rogers, Esq., Dilworth Paxson, Philadelphia, PA, for Appellant/Cross–Appellee in No. 13–4085.

Lee N. Abrams, Esq. (Argued), Mayer Brown, Chicago, IL, Terence W. McCormick, Esq., Steven G. Mintz, Esq., Mintz & Gold, New York, NY, for Appellant/Cross–Appellee in No. 13–4150.

Before: FISHER, COWEN, and TASHIMA *, Circuit Judges.

## OPINION OF THE COURT

TASHIMA, Circuit Judge.

Appellant/Cross–Appellee Floorgraphics, Inc. ("FGI") appeals the District Court's grant of declaratory relief against it. Appellee/Cross–Appellant News America Marketing In–Store Services, LLC ("NAM") cross-appeals the District Court's denial of its summary judgment motion for indemnification. We affirm the District Court's grant of declaratory relief and dismiss the cross-appeal for want of jurisdiction.

### I.

We write principally for the parties, who are familiar with the facts and procedural history of this case. We therefore set forth only those facts relevant to our analysis.

In 2004, FGI sued NAM for unfair business practices alleging, *inter alia,* that NAM accessed FGI's protected website without authorization in violation of New Jersey and federal law (the "2004 Lawsuit"). FGI suspected that the hacker was Gary Henderson, a former FGI employee who left FGI to work for NAM and recruited numerous FGI executives and employees to do the same. FGI deposed Henderson before trial and called him as its first witness at trial, subjecting him to extensive cross-examination. Henderson testified in his deposition and at trial that he neither accessed FGI's website nor directed others to do so. Meanwhile, NAM's trial counsel conceded that an unknown individual in NAM's Connecticut offices accessed FGI's website without FGI's authorization. Faced with Henderson's denials of hacking and NAM's declared ignorance of the hacker's identity, FGI determined "it had no evidence to prove" that its claims against NAM were viable. A502. FGI, however, "always maintained" that its claims were viable. A504.

Three days into trial, the parties settled, entering into a Release, Purchase Agreement, and other Settlement Documents. The Release:

> [R]elease[d] and forever discharge[d NAM] from all claims, demands, rights, liabilities and causes of action ... (including, but not limited to, any and all claims arising out of or relating to any acts, omissions, or statements by [NAM]), whether known or unknown, concealed or not concealed, accrued or not accrued ... that could have been asserted ... by FGI against [NAM].

* The Honorable A. Wallace Tashima, Senior Circuit Judge for the United States Court of Appeals for the Ninth Circuit, sitting by designation.

A815–16. It also explained that the parties "consult[ed] with counsel," and that in entering into the Release, the parties did not "rel[y] upon any other statements or representations regarding this matter other than those expressly stated herein." A818. Additionally, FGI covenanted not to sue NAM, and the Purchase Agreement required FGI to "reimburse, defend, indemnify and hold [NAM] harmless from ... any and all Losses based upon ... any breach of ... any covenant or agreement made by [FGI]," including a breach of the covenant not to sue. A928.

In 2009, NAM sued FGI for breach of the Purchase Agreement and other Settlement Documents (the "2009 Lawsuit"). FGI moved to set aside the judgment in the 2004 Lawsuit, arguing that NAM committed perjury and discovery misconduct in the 2004 Lawsuit. Judge Anne Thompson denied FGI's motion. We affirmed, concluding that "FGI did not establish perjury warranting relief," and that even if misconduct occurred in discovery, "FGI was [not] precluded from fully and fairly presenting its case." *Floorgraphics Inc. v. News Am. Mktg. In–Store Servs., Inc.*, 434 Fed.Appx. 109, 112, 113 (3d Cir.2011).

FGI then moved to amend its answer in the 2009 Lawsuit to assert seven proposed counterclaims against NAM (the "Proposed Counterclaims"). Relying on newly discovered evidence from a magazine article and a news story, the Proposed Counterclaims alleged that NAM engaged in fraud, fraudulent inducement, and civil conspiracy in connection with the settlement of the 2004 Lawsuit. Magistrate Judge Falk denied FGI's motion to amend to allege the Proposed Counterclaims in the 2009 Lawsuit, concluding that the untimely amendment would "seriously delay this case and would prejudice resolution of the claims already in the case and thus prejudice [NAM]." A702. His denial of

FGI's motion was without prejudice to FGI filing the Proposed Counterclaims in a new lawsuit.

Due to this ruling, NAM preemptively filed this lawsuit, seeking a declaratory judgment that the Proposed Counterclaims were barred by the Release. NAM also sought "[a]n award of prejudgment interest and the costs and expenses of this action, including attorney's fees" in the *ad damnum* section of its complaint. A67. At the direction of the District Court, NAM moved for summary judgment on its claims. The District Court granted "NAM's motion for a Court declaration that FGI is now barred from asserting its [Proposed Counterclaims] against NAM," concluding that "FGI was aware of Gary Henderson's deposition and trial testimony when it signed the ... Release, and as such," the Release encompassed and released the Proposed Counterclaims. *News Am. Mktg. In–Store Servs., LLC v. Floorgraphics, Inc.,* No. 12–cv–1976 WJM, 2013 WL 4833426, at *6 (D.N.J. Sept. 10, 2013). The District Court, however, denied NAM's motion for summary judgment for indemnification, explaining that it was "unable to find that the plain language of the [Purchase Agreement and Release] mandate a finding that NAM is entitled to 'legal fees and expenses.'" *Id.*

FGI now appeals the District Court's grant of declaratory relief. NAM cross-appeals the District Court's denial of its summary judgment motion for indemnification.

## II.

Because the District Court's grant of declaratory relief has serious consequences and the practical effect of granting an injunction, we have appellate jurisdiction over it under 28 U.S.C. § 1292(a)(1). *Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 287–88, 108 S.Ct.

1133, 99 L.Ed.2d 296 (1988). "We review a district court's decision to grant or withhold a declaratory judgment for abuse of discretion," *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 138 (3d Cir.2014), and we "review the District Court's summary judgment de novo," *Al–Sharif v. U.S. Citizenship & Immigration Servs.*, 734 F.3d 207, 210 n. 2 (3d Cir.2013) (en banc). We affirm the grant of declaratory relief.

■ Under New Jersey law, "[t]he scope of a release is determined by the intention of the parties as expressed in the terms of the particular instrument." *Bilotti v. Accurate Forming Corp.*, 39 N.J. 184, 188 A.2d 24, 35 (1963). "A general release ... ordinarily covers all claims and demands due at the time of its execution and within the contemplation of the parties." *Id.* Here, the scope of the parties' Release is broad and unqualified: the Release states unequivocally that "FGI hereby releases and forever discharges [NAM] from all claims, demands, rights, liabilities and causes of action ... including ... any and all claims arising out of or relating to any acts, omissions, or statements by [NAM]." A604. The Release thus covers everything "within the contemplation of the parties," *Bilotti*, 188 A.2d at 35, and its coverage "allows for no exception," *Isetts v. Borough of Roseland*, 364 N.J.Super. 247, 835 A.2d 330, 336 (App.Div.2003).

When FGI entered into the Release, FGI clearly knew of Henderson's testimony and contemplated that it was not truthful. FGI believed that Henderson was the NAM hacker. It knew that Henderson had left FGI to work for NAM and had recruited numerous FGI executives and employees to do the same. It had deposed Henderson about the hacking, called Henderson as its first witness at trial, and cross-examined Henderson extensively. NAM had also conceded that someone had used a computer in NAM's Connecticut offices to access FGI's website without FGI's authorization. On this record, FGI's current contention—that it reasonably relied on the truth of Henderson's testimony—rings hollow.[1] What's more, FGI concedes that Henderson's testimony motivated its settlement calculus, even though FGI did not accept Henderson's testimony as true. According to FGI, Henderson's testimony was critically important to FGI's decision to settle, and FGI decided to settle because "it had no evidence to prove" that its claims were viable, not because it did not believe in the viability of its claims. A502. By its own account, FGI "always maintained" that its claims against NAM were viable. A504. Thus, FGI entered into the Release knowing of the testimony in the 2004 Lawsuit, and contemplating that it was not true.[2] The Proposed Counterclaims were therefore fully "within [FGI's] contemplation" when it entered into the Release. *Bilotti*, 188 A.2d at 35. The Release therefore covers and bars the Proposed Counterclaims.

---

1. We are not required to accept FGI's conclusory allegation that "FGI reasonably relied on Henderson's and John Does 1–7's misrepresentations of fact." A507. FGI may not rest upon the mere allegations of its pleading in response to NAM's affirmative showing of the elements of its declaratory relief claim. *See In re Bressman*, 327 F.3d 229, 237–38 (3d Cir.2003); *see also* Fed.R.Civ.P. 56(e).

2. This conclusion—that FGI knew NAM's testimony from the 2004 Lawsuit might not be true—also precludes FGI from stating a fraud claim. "A cause of action in fraud 'requires ... reasonable reliance,'" among other elements. *Marino v. Marino*, 200 N.J. 315, 981 A.2d 855, 871 (2009) (quoting *Liberty Mut. Ins. Co. v. Land*, 186 N.J. 163, 892 A.2d 1240, 1247 (2006)). FGI cannot establish reasonable reliance on trial testimony from the 2004 Lawsuit because it knew that testimony might be false and it concedes the same.

For the same reason, FGI's Proposed Counterclaims are barred under New York law. Under New York law, "a party that releases a fraud claim may later challenge that release as fraudulently induced only if it can identify *a separate fraud from the subject of the release.*" *Centro Empresarial Cempresa S.A. v. Am. Movil, S.A.B. de C.V.,* 17 N.Y.3d 269, 929 N.Y.S.2d 3, 952 N.E.2d 995, 1000 (2011) (emphasis added). FGI cannot identify a separate fraud from the subject of the release, because, as we have explained, the fraud that FGI alleges in its Proposed Counterclaims is expressly contemplated and covered by the Release.[3] We will therefore affirm the District Court's grant of declaratory relief.

### III.

NAM cross-appeals from the District Court's denial of its motion for summary judgment on indemnification, contending that it is entitled to indemnification for its legal fees and expenses as a matter of law. We do not reach the merits of the cross-appeal, however, because we conclude that we lack jurisdiction over it.

■ "Ordinarily, orders denying summary judgment do not qualify as 'final decisions' subject to appeal." *Ortiz v. Jordan,* 562 U.S. 180, 131 S.Ct. 884, 891, 178 L.Ed.2d 703 (2011). Here, NAM has not shown that the District Court's order denying summary judgment is any exception. *See United States v. Wecht,* 537 F.3d 222, 247 n. 47 (3d Cir.2008) ("The party asserting this Court's jurisdiction over an appeal or a motion *always* has the burden of demonstrating that such jurisdiction exists."). NAM advances four arguments to invoke our appellate jurisdiction over the cross-appeal. We consider and reject each in turn.

First, NAM argues that we have appellate jurisdiction because, *if* FGI had interposed its own cross-motion for summary judgment on NAM's indemnification claim, *then* the District Court would have granted it. It is true that, " 'when an appeal from a denial of summary judgment is raised *in tandem* with an appeal of an order granting a cross-motion for summary judgment, we have jurisdiction to review the propriety of the denial of summary judgment by the district court.' " *Transportes Ferreos de Venezuela II CA v. NKK Corp.,* 239 F.3d 555, 560 (3d Cir. 2001) (quoting *Nazay v. Miller,* 949 F.2d 1323, 1328 (3d Cir.1991) (emphasis added)). But FGI did not file a tandem cross-motion for summary judgment. Only NAM moved for summary judgment. Thus, our jurisdiction over appeals from tandem cross-motions for summary judgment is irrelevant, because no cross-motion for summary judgment was filed.

Second, NAM contends that the District Court's denial of its summary judgment motion on indemnification is tantamount to a grant of summary judgment for FGI. But "denial of a motion for summary judgment means only that there remain genuine questions of material fact for resolution by the fact finder." *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.,* 602 F.3d 237, 252 (3d Cir.2010). It is not tantamount to a grant of summary judgment for the nonmovant: rather, "an order denying a motion for summary judgment ... is an order permitting litigation to continue." *Wachtel v. Health Net, Inc.,* 482 F.3d 225, 228 (3d Cir.2007).

Indeed, here, it would have been procedurally improper for the District Court to grant summary judgment to FGI, as the nonmovant, based on NAM's summary

---

**3.** Because the same result obtains under both New Jersey and New York law, we need not decide whether New Jersey or New York law governs the parties' Release.

judgment motion. A district court cannot "grant summary judgment to a non-moving party" without providing "notice that the court is considering a *sua sponte* summary judgment motion" and "an opportunity to present relevant evidence." *Chambers Dev. Co. v. Passaic Cnty. Utils. Auth.,* 62 F.3d 582, 584 n. 5 (3d Cir.1995). The District Court "did neither in this case." *Id.* Thus, even if the District Court intended to grant summary judgment to FGI on NAM's summary judgment motion, which NAM has not shown, doing so would have been improper.

Third, NAM contends that the District Court intended to grant summary judgment for FGI because the District Court "did not identify any disputed issues of fact," and it is "evident on the record" that if FGI had filed a cross-motion for summary judgment, the District Court would have granted it. NAM's speculation about the District Court's intentions is not a sufficient basis for appellate jurisdiction. NAM's bare assertion—that it is "evident" that the District Court intended to do something that it did not do—is not a reason for so holding. Similarly, NAM's argument based on the District Court's failure to identify "any disputed issues of fact" improperly implies a burden on the District Court that the District Court simply does not bear.[4]

Fourth, NAM contends that we have appellate jurisdiction, based on the Eighth Circuit's reasoning in *Acton v. City of Columbia, Mo.,* 436 F.3d 969 (8th Cir.2006). Even if we were to follow *Acton,* however,

it would not establish our appellate jurisdiction over the cross-appeal. In *Acton,* the Eighth Circuit exercised appellate jurisdiction over an appeal from the grant in part and denial in part of a motion for summary judgment after the district court issued "rulings as matters of law," and expressly stated that "no genuine issues of material fact" remain. *Id.* at 974. These factors are absent from NAM's cross-appeal, where the District Court held only that the Release and Purchase Agreement do not "mandate a finding" in favor of NAM. *News Am. Mktg. In–Store Servs.,* 2013 WL 4833426, at *7. Thus, even if we adopted it, *Acton* would not confer appellate jurisdiction over the cross-appeal.

In sum, NAM has not shown that we have jurisdiction over the District Court's denial of NAM's motion for summary judgment on indemnification. *See Wecht,* 537 F.3d at 247 n. 47. Accordingly, we will dismiss NAM's cross-appeal for lack of appellate jurisdiction.

### IV.

We will affirm the District Court's grant of declaratory relief and dismiss the cross-appeal of the District Court's denial of summary judgment on indemnification for want of appellate jurisdiction.

---

**4.** Nothing in Fed.R.Civ.P. 56 requires a district court to list or identify the disputed issues of fact on which a denial of a motion for summary judgment is based, if that is the basis for its ruling. We note, however, that there appears to be a factual dispute that requires resolution by the District Court-specifically, whether "asserting," as used in the Asset Purchase Agreement and Mutual Release, applies equally to claims made by both plaintiffs and defendants. *See Hooper Assocs., Ltd. v. AGS Computers, Inc.,* 74 N.Y.2d 487, 549 N.Y.S.2d 365, 548 N.E.2d 903, 905 (1989) (noting that a contractual indemnity provision for attorney's fees can be enforced only if such a remedy is "unmistakably clear" in the document).