**NOT FOR PUBLICATION**

FEB 2 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEBORAH JANE WYNN, pro se, | No. 12-16192 |
| Plaintiff - Appellant, | D.C. Nos. 2:09-cv-01587-RCJ |
| v. | 2:10-cv-01897-RCJ |
| CALLAN APPRAISAL INCORPORATED; JOHN CALLAN, | MEMORANDUM[*] |
| Defendants - Appellees, | |
| HSBC BANK USA, N.A., | |
| Consol. Plaintiff - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Robert Clive Jones, District Judge, Presiding[**]

Submitted January 21, 2015[***]

Before:    CANBY, GOULD, and N.R. SMITH, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Robert Clive Jones, District Judge for the U.S. District Court for the District of Nevada, sitting by designation.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Deborah Jane Wynn appeals pro se from the district court's orders denying her motions under Federal Rule of Civil Procedure 60(b) to set aside the judgments in two consolidated actions arising from foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004). We affirm.

The district court did not abuse its discretion in denying Wynn's Rule 60(b) motions because Wynn failed to establish any ground for relief from judgment. *See Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001) (setting forth grounds for relief under Rule 60(b) and explaining that a district court does not abuse its discretion by denying a Rule 60(b) motion where movant merely reargues issues raised previously); *see also Fantasyland Video, Inc. v. County of San Diego*, 505 F.3d 996, 1005 (9th Cir. 2007) (relief under Rule 60(b)(6) is available "only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment") (citation and internal quotation marks omitted).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

We deny Wynn's request for oral argument, filed on February 27, 2013, and

2

her motion to supplement the record, filed on January 3, 2014, *see Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988).

**AFFIRMED.**