NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 27 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NELSON A. CHUNG, | No. 16-15310 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 1:14-cv-00314-DKW-BMK |
| CITY AND COUNTY OF HONOLULU, a municipal corporation; PAMELA OKIHARA, Managing Employees; ELIZABETH TSURUDA, Managing Employees; JOHN DOES 1-56; JANE DOES 1-56; DOE PARTNERSHIPS 1-56; DOE CORPORATIONS 1-56; DOE ENTITIES 1-56; DOE GOVERNMENTAL UNITS 1-56, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Argued and Submitted June 15, 2018
Honolulu, Hawaii

Before: TASHIMA, W. FLETCHER, and HURWITZ, Circuit Judges.

Nelson Chung appeals a summary judgment in favor of the City and County

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

of Honolulu and various governmental employees (collectively, "the City") on Chung's (1) Title VII discrimination, constructive discharge, and hostile work environment claims; (2) Hawaii law discrimination, constructive discharge, and unlawful work environment claims; and (3) 42 U.S.C. § 1983 claims. Reviewing the summary judgment de novo, *Szajer v. City of L.A.*, 632 F.3d 607, 610 (9th Cir. 2011), and the district court's denial of Chung's Rule 59(a) motion for reconsideration for abuse of discretion, *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 954 (9th Cir. 2013), we affirm.

1. Title VII requires that charges be filed with the Equal Employment Opportunity Commission ("EEOC") no later than 300 days after the occurrence of an alleged unlawful employment practice where, as here, the plaintiff pursues state or local remedies first. 42 U.S.C. § 2000e-5(e)(1); *EEOC v. Commercial Office Prods. Co.*, 486 U.S. 107, 123–25 (1988). Chung filed charges with the EEOC on May 8, 2012. Therefore, a Title VII claim about any employment practices occurring before July 13, 2011 is time-barred.

A. Because Chung last worked in March 2008, his hostile work environment claim accrued no later than that time and is thus time-barred. Although Chung argues a "continuing violations" theory, he could not have suffered from a hostile work environment after he stopped coming to work.

B. We need not decide whether Chung's constructive discharge claim is also

time-barred because he waived that claim on appeal. A constructive discharge claim requires the employee to terminate his relationship with the employer; otherwise, the employee has a wrongful discharge claim. *See Draper v. Coeur Rochester, Inc.*, 147 F.3d 1104, 1110 (9th Cir. 1998). On appeal, however, Chung argues that he "did not 'resign'" but "believes he was fired pursuant to, among other things, what his workers' compensation attorney wrote in his letter, not constructively discharged as stated in the amended complaint." Having disavowed the constructive discharge theory—and instead claiming wrongful termination—Chung has waived the theory on appeal.[1]

2. Under Hawaii antidiscrimination law, "[n]o complaint shall be filed after the expiration of one hundred eighty days after the date . . . [u]pon which the alleged unlawful discriminatory practice occurred." Haw. Rev. Stat. § 368-11(c)(1); *see also Ross v. Stouffer Hotel Co.*, 879 P.2d 1037, 1043 (Haw. 1994) ("[T]he timely filing of an administrative complaint with the [agency] was a precondition to a civil suit under HRS § 378–2."). Chung's theories of discrimination under Hawaii law are identical to his federal law theories, and Hawaii looks to "analogous federal laws" when interpreting its antidiscrimination laws. *Schefke v. Reliable Collection Agency, Ltd.*, 32 P.3d 52, 69 (Haw. 2001) (quoting *Shoppe v. Gucci Am., Inc.*, 14

---

[1] Because Chung conceded below that he was not claiming wrongful discharge, that claim was waived and is not before the panel.

P.3d 1049, 1058 (Haw. 2000)). Chung's state law antidiscrimination claims are therefore also untimely.

3. Hawaii's two-year statute of limitations for personal injuries governs Chung's § 1983 claims. Haw. Rev. Stat. § 657-7; *see Lukovsky v. City & Cty. of S.F.*, 535 F.3d 1044, 1048 (9th Cir. 2008). Chung's § 1983 claims accrued when he knew he "was subjected to unequal terms and conditions of employment." *See TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) ("Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."). At the latest, any violations of Chung's rights occurred before he left his job, and he makes no claim that he was unaware of the alleged violations at that time. Chung filed this action on August 19, 2013, and his § 1983 claims are therefore also time-barred.

4. Chung's motion for reconsideration sought to "prevent manifest injustice by addressing equitable tolling" and to "correct a clear error." The district court did not abuse its discretion in denying the motion. Equitable tolling is not warranted because the City did nothing to prevent Chung from filing a discrimination claim earlier. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). And the alleged inexperience or neglect of Chung's prior attorney in this civil action does not warrant reconsideration. *See Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004).

4

**AFFIRMED**.