**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 23 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAJESH VARMA; MAHIMA VARMA, | No. 19-56336 |
| Plaintiffs-Appellants, | D.C. No. 5:18-cv-01038-JGB-SP |
| v. | |
| NATIONSTAR MORTGAGE LLC; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted March 16, 2021[**]

Before:    GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Rajesh Varma and Mahima Varma appeal pro se from the district court's

post-judgment order denying plaintiffs' motion for reconsideration of the district

court's judgment dismissing plaintiffs' diversity action arising out of foreclosure

proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We review for an

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

abuse of discretion.  *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).  We affirm.

The district court did not abuse its discretion in denying plaintiffs' post-judgment motion for reconsideration because plaintiffs failed to demonstrate any grounds for relief.  *See* Fed. R. Civ. P. 60(b)(3); *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257, 1260 (9th Cir. 2004) (to prevail under Rule 60(b)(3), the "moving party must prove by clear and convincing evidence" that judgment was obtained through fraud, misrepresentation, or other misconduct that was not "discoverable by due diligence before or during the proceedings" (citation and internal quotation marks omitted)).

We do not consider plaintiffs' contentions regarding the underlying judgment because plaintiffs failed to file a timely notice of appeal as to the judgment.  *See* Fed. R. App. P. 4(a)(1)(A) (notice of appeal must be filed within 30 days of judgment).  Because plaintiffs' motions for relief under Rule 60 were filed more than 28 days after the entry of judgment, they did not toll the time to file a notice of appeal.  *See* Fed. R. App. P. 4(a)(4)(A)(vi).

**AFFIRMED.**