**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DOUGAL SAMUELS, | No. 19-17419 |
| Plaintiff-Appellant, | D.C. No. 1:10-cv-00585-DAD-EPG |
| v. | |
| PAM AHLIN, Director, Coalinga State Hospital; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| DEPARTMENT OF MENTAL HEALTH; PETER BRESLER, Doctor; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted October 12, 2021[**]

Before:    TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

California civil detainee Dougal Samuels appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the district court's decision on a motion for reconsideration. *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). We affirm.

The district court did not err by granting reconsideration and dismissing Samuels's Fourteenth Amendment conditions-of-confinement claim on the basis of qualified immunity, because it would not have been clear to every reasonable official that detaining Samuels in the Central Valley, where Valley Fever was endemic, was unlawful under the circumstances. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (explaining two-part test for qualified immunity); *Hines v. Youseff*, 914 F.3d 1218, 1229-30 (9th Cir. 2019) (existing Valley Fever cases did not clearly establish a "right to be free from heightened exposure to Valley Fever spores"); *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004) ("A district court abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." (citation omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

19-17419