**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 12 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GERRY WILLIAMS,

    Plaintiff-Appellant,

  v.

MARTIN BITER, Warden; A.
MANASRAH,

    Defendants-Appellees.

No. 19-17186

D.C. No. 1:14-cv-02076-DAD-EPG

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted November 8, 2021[**]

Before:    CANBY, TASHIMA, and MILLER, Circuit Judges.

California state prisoner Gerry Williams appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal claims.

We have jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of

discretion the district court's decision on a motion for reconsideration.  *Sch. Dist.*

---

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).  We affirm.

The district court did not err by granting reconsideration and dismissing Williams's Eighth Amendment conditions-of-confinement claim on the basis of qualified immunity, because it would not have been clear to every reasonable prison official that housing Williams in Kern Valley State Prison in the Central Valley, where Valley Fever is endemic, was unlawful under the circumstances. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (explaining two-part test for qualified immunity); *Hines v. Youseff*, 914 F.3d 1218, 1229-31 (9th Cir. 2019) (existing Valley Fever cases did not clearly establish a "right to be free from heightened exposure to Valley Fever spores" and prison officials "could have reasonably believed that their actions were constitutional so long as they complied with the orders from the [federally-appointed] Receiver" and related court orders); *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004) ("A district court abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." (citation omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

2                                                                    19-17186