**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 24 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIE T. SMITH, | No. 20-15891 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-00373-RCJ-WGC |
| v. | |
| DRUGH WAGGENER, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| C. KERNER; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted January 19, 2022[**]

Before:     SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Nevada state prisoner Willie T. Smith appeals from the district court's order

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denying his motion to vacate the judgment in his 42 U.S.C. § 1983 action alleging constitutional violations arising from the seizure of his mail. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Sch. Dist. No. 1J Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). We may affirm on any basis supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

Denial of Smith's Federal Rule of Civil Procedure 60(b)(3) motion was not an abuse of discretion because Smith failed to demonstrate any basis for relief. *See Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) (to prevail under Rule 60(b)(3), the "moving party must prove by clear and convincing evidence" that judgment was obtained through fraud, misrepresentation, or other misconduct that was not "discoverable by due diligence before or during the proceedings" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Smith's motion for sanctions because Smith failed to establish grounds for sanctions. *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1126-27 (9th Cir. 2002) (standard of review and grounds for sanctions under Rule 11).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Smith's opposed motion for appointment of counsel (Docket Entry No. 27)

is denied.  Smith's motion to file a late brief (Docket Entry No. 37) is granted.  The Clerk will file the reply brief received at Docket Entry No. 36.

Waggener's request that this court admonish Smith against further filings, set forth in the answering brief, is denied.

**AFFIRMED.**