NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 21 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HOMA DAVARY, | No. 20-16750 |
| Plaintiff-Appellant, | D.C. No. 4:18-cv-01050-JSW |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted February 21, 2023**

Before:     D. NELSON, SILVERMAN, and GRABER, Circuit Judges.

Homa Davary appeals pro se the district court's affirmance of the

Commissioner of Social Security's denial of her application for disability

insurance benefits under Title II of the Social Security Act (Act).  We have

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

Because Davary did not object and because she is bound by the actions of her counsel, the Administrative Law Judge (ALJ) did not commit legal error by using the amended alleged onset date. *See Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) ("As a general rule, parties are bound by the actions of their lawyers[.]").

The ALJ did not err at step two when she found that Davary did not have a severe impairment during the relevant period. The objective medical evidence did not support Davary's allegations that her anxiety and depression, diabetes, and degenerative joint disease in her knees should have been considered additional medically determinable impairments during the relevant period. *See Ukolov v. Banhart*, 420 F.3d 1002, 1005 (9th Cir. 2005) (quoting SSR 96–4p). Further, the objective medical evidence did not support Davary's allegations of severity with respect to her medically determinable impairments of obesity, lumbar degenerative disc disease, and umbilical hernia during the relevant period. *See id.*

The ALJ provided specific, clear, and convincing reasons to discount Davary's symptom testimony by citing to record evidence that contradicted Davary's assertions and undermined the severity of the limitations alleged. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (Where the ALJ has

rationally construed the evidence, the reviewing court "must uphold the ALJ's findings."); *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008) (An ALJ may discredit a claimant's testimony based on "prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid.") (internal citations omitted); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (An ALJ may consider a lack of objective medical evidence as one factor in a claimant's credibility determination.). Any error in the ALJ's additional reasons for discounting Davary's testimony was harmless. *See Molina*, 674 F.3d at 1115 (An error is harmless where it is "inconsequential to the ultimate nondisability determination."). Furthermore, the ALJ provided germane reasons to discount the weight afforded to the third-party function report, statements, and declarations submitted by Haleh, Davary's sister. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) ("Inconsistency with medical evidence" is a germane reason for discounting testimony of a lay witness.).

Because Davary's limited medical records did not contain objective medical evidence supporting a finding of disability prior to her date last insured, the ALJ could reasonably conclude that no reasonable medical advisor could infer that Davary's disability began during the period for which she lacked medical documentation. Therefore, the ALJ was not required to call upon a medical expert to determine an onset date. *See Wellington v. Berryhill*, 878 F.3d 867, 875–76 (9th

3

Cir. 2017) (Evidence presented did not demonstrate the claimant's mental impairments at issue were continuously disabling and, therefore, a "medical expert could not reasonably infer" the claimant became disabled before the date she first saw a mental health professional.).

**AFFIRMED.**