**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

SEP 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re:  SETH MICHAEL WINTERS; GENEVIEVE ALYCE WINTERS,

Debtors,

_____

METRIC ROOFING, INC.,

Plaintiff-Appellant,

v.

SETH MICHAEL WINTERS; GENEVIEVE ALYCE WINTERS,

Defendants-Appellees.

No.  22-16266

D.C. No. 4:21-cv-00515-JGZ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted September 14, 2023[**]
Phoenix, Arizona

Before:  GOULD, HURWITZ, and BUMATAY, Circuit Judges.

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Metric Roofing, Inc. appeals a district court order reversing the bankruptcy court's decision granting Metric relief under Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 9024. We review the district court's decision on appeal from a bankruptcy court de novo. *In re Saxman*, 325 F.3d 1168, 1172 (9th Cir. 2003) (simplified). We review district court decisions on Rule 60(b) motions for abuse of discretion. *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004). We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Settlement agreements, like the stipulation at issue in this case, are interpreted as contracts. *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989). In interpreting such contracts, we look to state contract law. *See Parsons v. Ryan*, 912 F.3d 486, 497 (9th Cir. 2018). Under Arizona law, which is controlling here, "[t]he construction of a contract is a question of law where the terms of the agreement are plain and unambiguous." *Smith v. Melson, Inc.*, 659 P.2d 1264, 1266 (Ariz. 1983) (citations omitted). If the parties' intentions are clear by reading the plain language, then the contract's terms are not ambiguous. *Id.* "A contract must be construed so that every part is given effect." *Chandler Med. Bldg. Partners v. Chandler Dental Grp.*, 855 P.2d 787, 791 (Ariz. Ct. App. 1993) (citation omitted).

The relevant paragraph of the stipulation reads:

Plaintiff and Defendants will submit a Judgment to the Bankruptcy Court upon this Adversary, determining and declaring that the amount of $319,827.55 of the Superior Court Judgment is not dischargeable under 11 U.S.C. § 523(a)(6), and that the Defendants' discharge is

2

excepted for that amount upon Plaintiff's Superior Court Judgment; and that the other $211,422.45 of that Superior Court Judgment is eligible for discharge in this bankruptcy, and shall not be recoverable by Plaintiff in the event of entry of discharge.

Metric argues that, under the stipulation, $319,9827.55 of the judgment at issue is non-dischargeable in bankruptcy and, thus, the bankruptcy court was correct to hold the amount excepted from discharge notwithstanding the availability of the "super-discharge" under 11 U.S.C. § 1328(a).

We disagree. The plain language of the stipulation shows that the parties agreed to except $319,9827.55 from discharge "under 11 U.S.C. § 523(a)(6)." Under 11 U.S.C. § 1328(a), debts excepted from discharge under § 523(a)(6) can nonetheless be discharged after the completion of all payments required by the debtor's Chapter 13 plan. *See Goudelock v. Sixty-01 Ass'n of Apartment Owners*, 895 F.3d 633, 638–39, 639 n.4 (9th Cir. 2018) ("Subsections 1328(a)(1)–(4) enumerate the only exceptions to the broad discharge of debts under Section 1328(a)."). Thus, under the plain language of the stipulation, Appellee-Defendants Seth and Genevieve Winters were entitled to discharge the $319,9827.55 after complying with their Chapter 13 plan.

Metric contests the plain language of the stipulation by relying on parol evidence. But "[i]t is universally held that, when the parties to a contract have reduced it to writing, one of them may not defeat it by showing by parol evidence that he did not understand what the contract meant[.]" *Bradley v. Indus. Comm'n*,

76 P.2d 745, 746 (Ariz. 1938).

We thus agree with the district court that Metric was not entitled to Rule 60(b) relief. To obtain relief under Rule 60(b)(6)—which Metric sought here—the moving party must show "extraordinary circumstances." *In re Pacific Far East Lines, Inc.*, 889 F.2d 242, 250 (9th Cir. 1989). But a party "cannot be relieved" under Rule 60(b)(6) "of [a calculated and deliberate] choice because hindsight seems to indicate . . . that [the] decision . . . was probably wrong." *Id*. (quoting *Ackermann v. United States*, 340 U.S. 193, 198 (1950)). Metric's failure to fully appreciate the legal implications of the stipulation is not appropriately remedied through Rule 60(b)(6).

**AFFIRMED**.